(15 Misc. Rep. 58.)

YELLOW PINE CO. v. BOARD OF EDUCATION OF CITY OF BROOK-LYN et al.

(Supreme Court, Special Term, Kings County. December, 1895.)

SCHOOL DISTRICTS—BOARDS OF EDUCATION IN CITIES—MECHANIC'S LIEN.
    Under Laws 1892, c. 687, § 3, constituting school districts municipal corporations, the board of education of the city of Brooklyn, having the powers and being subject to the duties of trustees of common schools, and being vested with the title to all school property, is a separate corporation from the city itself, and service of notice of mechanics' liens against the district (Laws 1878, c. 315, as amended by Laws 1892, c. 629) should be made on the city treasurer, as financial officer of the board. Bell v. Mayor, etc., 11 N. E. 495, 105 N. Y. 136, distinguished.

Action by the Yellow Pine Company against the board of education of the city of Brooklyn to foreclose a mechanic's lien for material used in erecting schoolhouses against funds in the hands of the defendant board. Other creditors claiming liens were also made defendants. The notices of lien required by law were served by the plaintiff on the president of the defendant board and on the city treasurer as its financial officer, while they were served by the defendant creditors on the secretary of the board and the city comptroller, as financial officer of the city; the question at issue being whether the board of education or the city was the corporation to be sued. Judgment for plaintiff.

Burr & Coombs, for plaintiff.
Hirsh & Rasquin, for defendant Gardner.
John F. Nelson, for defendants Willis.
Michael Furst, for defendant board of education.

CULLEN, J. I am of opinion that the notices of lien filed by the defendants Gardner and Willis are defective and insufficient, in failing to state the various matters required by the statute. This would render their liens invalid, apart from the question what officer is the financial officer upon whom a notice of lien should be served. But this would not entitle the plaintiff to recover unless it has acquired a valid lien. No criticism is made on the form of the notice of its lien. This notice the plaintiff served upon the city treasurer of

the city of Brooklyn.   It is contended that the notice should have been served upon the comptroller, who, by the charter, is made the financial officer of the city.   I am inclined to hold that the board of education is now a separate municipal corporation, though, doubtless, a department of the city government.   It possesses the powers and is subject to the duties of trustees of common schools.   For the purpose of taxation and the erection and repair of schoolhouses and the support of the schools, the city is a school district.   The title to all school property is vested in the board of education. Charter, tit. 17, §§ 56, 59.   Formerly, trustees of an ordinary school district were only a quasi corporation of very limited powers.   Bassett v. Fish, 75 N. Y. 303.   But, by the general revision act of 1892 (Laws 1892, c. 687, § 3), school districts are constituted municipal corporations.   Since that act, whatever may have been the case before, the board of education would seem to be a corporation.   This, in fact, seems to be the view of all the parties to this action, for the city of Brooklyn is not a party to this action, and none of the defendants has raised any question to its absence.   If the municipal corporation with whom the contract was made was the board of education, then the only financial officer of that corporation is the city treasurer, not the comptroller, for the latter officer has no supervision or control of the funds of the board.   In this respect the case is to be distinguished from that of Bell v. Mayor, etc., 105 N. Y. 136, 11 N. E. 495.

Judgment for plaintiff, with costs out of fund.