**492** CALDWELL *v.* BOARD OF EDUCATION OF CITY OF·NEW YORK.

Appellate Term, First Department, June, 1926.        [Vol. 127

---

GRACE F. CALDWELL, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, First Department, June 24, 1926.

**Municipal corporations — city of New York — Greater New York charter, § 261, requiring presentation of claim as condition precedent to commencement of action against city does not apply to board of education — said board is body corporate separate and distinct from said city — costs — Civil Practice Act, § 1498, prohibits award of costs to party in action against board for sum of money only, in event claim is not filed prior to commencement thereof — plaintiff successful in action against board of education not entitled to costs where claim not filed with audit department of said board.**

While section 261 of·the Greater New York charter requires the presentation of a claim as a condition precedent to the commencement of an action against the city of New York, an action against the board of education of said city, a body corporate, distinct from said city, is not within the purview of said section. Even assuming that the by-laws of said board lawfully prescribe such a condition precedent, it *seems* that they are silent as to any penalty for failure to file a claim before commencing an action.

However, costs cannot be awarded against said board in an action for money only unless, pursuant to section 1498 of the Civil Practice Act, the claim at least ten days prior to the suit was presented to said board or its chief fiscal officer. The board of education is a municipal corporation, within the meaning of said section.

Accordingly, the failure of the plaintiff to make claim to the auditing department of the board of education of the city of New York prior to the commencement of her action against said board to recover the difference between the salary which plaintiff as a visiting teacher was paid by said board and the amount to which she claimed she was entitled under the by-laws of the board, pursuant to schedule A-3 of section 883 of the Education Law, as teacher of special subjects in the schools of the city of New York, precludes the awarding of costs, notwithstanding the fact that she was successful in her action. It is immaterial that the fiscal officer of the board was unauthorized to adjust and pay the claim.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, entered in favor of the plaintiff by virtue of an order granting the latter's motion for summary judgment.

*George P. Nicholson, Corporation Counsel* [*John F. O'Brien, Elliot S. Benedict* and *Thomas W. A. Crowe* of counsel], for the appellant.

*Arthur C. Mandel,* for the respondent.

LEVY, J. This is one of fifteen appeals from summary judgment entered in favor of plaintiff against the board of education of the city of New York. The actions were brought to recover the differences between the salary to which plaintiffs as visiting teachers were paid under salary schedule IV-M of the by-laws of the board, and that to which they were entitled under schedule I-C of such by-laws, pursuant to schedule A-3 contained in section 883 of the Education Law (added by Laws of 1919, chap. 645, as amd. by Laws of 1920, chap. 680), as teachers of special subjects. The board disputed the right of visiting teachers to be classed as special teachers under schedule I-C, and the matter having been carried to the State Commissioner of Education, his determination that they came under such classification was *res adjudicata.* In an action brought in the Supreme Court to recover back pay for the period prior to the filing of the Commissioner's decision, the board of education brought up the precise question which had been subsequently disposed of by him, and was again defeated, and the Appellate Division has sustained the Special Term. Only two points raised by the appellant, therefore, require consideration: *First,* that the by-laws of the board of education require a filing of the claim with the auditor, and *secondly,* that plaintiffs are not entitled to costs. The first point seems entirely without merit.

True it is that by statute actions against the city require presentation of claims as a condition precedent to suit. (Greater N. Y. Charter, § 261.) But actions against the board of education, a separate corporation, indeed are not within the purview of this section. (*People ex rel. Wells & Newton Co.* v. *Craig,* 232 N. Y. 125.) And the by-laws of the board of education, even assuming that they could lawfully prescribe such a condition prior to suit, seem to be silent as to any penalty for failure to file a claim before commencing the given action.

The second point as to the right of plaintiffs to costs rests on a radically different basis. Section 1498 of the Civil Practice Act provides that such costs cannot be awarded against a *municipal corporation* in an action for a sum of money only, unless the claim at least ten days prior to suit "was presented, before the commencement of the action, to the board of such corporation having the power to audit the same, or to its chief fiscal officer." Such a claim was admittedly not presented here. In deciding whether the section applies to the instant case, we must consider *first,* whether the board of education of the city of New York is a *municipal corporation* within the meaning of the section; and *secondly,* whether the facts in the case dispensed with the necessity of presenting such claim. The term "municipal corporation" by a definition contained in the then General Corporation Law of the State (Laws of 1892, chap. 687, § 3) included "a county, town, school district, village and city and any other territorial division of the state established by law with powers of local government." It was then for the first time that the status of a *school district* was fixed by the General Revision Act of 1892 as that of a *municipal corporation.* In *Yellow Pine Co.* v. *Bd. of Education* (15 Misc. 58, 60), Mr. Justice CULLEN, later chief judge of the Court of Appeals, at a Special Term of this court in Kings county upon this very question in connection with the board of education of the then city of Brooklyn prior to consolidation and the enactment of the charter of the greater city of New York, in 1895, took occasion to say: "I am inclined to hold that the board of education is now a separate municipal corporation, though doubtless a department of the city government," and continuing, points out that for certain purposes named, "the city is a school district. * * * Formerly, trustees of an ordinary school district were only a *quasi* corporation of very limited powers. *Bassett* v. *Fish,* 75 N. Y. 303. But by the General Revision Act of 1892 (Laws of 1892, chap. 687, § 3) *school districts are constituted municipal corporations.* Since that act, whatever may have been the case before, the board of education would seem to be a corporation."

(Italics ours.)   This statute, however, was repealed by section 330 of chapter 28 of the Laws of 1909 but re-enacted in the precise verbiage in section 3 of the very chapter last cited.   As an aid merely, we might invoke the definition in section 29 of the General Municipal Law (as added by Laws of 1911, chap. 769), wherein the term " municipal corporation " is made to include " a city, county, village, town, school district, sewer district, water district, lighting district or any other district or territory authorized by law to issue bonds."   While the scope of the definition in this section, it is true, is limited to the functions prescribed in article 2-A of that statute of which it is a part, that is to say, of legalizing bonds or proceedings for their issuance, it may be said to be of some assistance in this effort of statutory construction.   Consequently, as there is no reason for limiting the scope of section 1498 of the Civil Practice Act to cities, counties, villages and towns only, that provision undoubtedly comprehends the board of education — a body corporate, distinct from the city of New York as such (*Gunnison* v. *Board of Education*, 176 N. Y. 11) — within the term " municipal corporation as therein employed."

As we have already observed, the presentation of the claim prior to suit was not a condition precedent to the bringing of the action against the board, but as regards the right to costs, the making of the claim to the auditing department of such board would seem to be such a condition.   And it is immaterial that the fiscal officer was not authorized to adjust and pay the claims.   (*Baine* v. *City of Rochester*, 85 N. Y. 523.)   It is urged, however, by the plaintiffs that a determination of the State Commissioner of Education was binding upon the board of education, and obligated the latter to pay the higher salary without demand, and that, therefore, they are entitled to costs even in the absence of such prior notice of claim.   The purpose of the demand would seem to be to give the board an opportunity for investigation and adjustment of the claim without subjecting it to the unnecessary cost and perhaps other difficulties of litigation.   This appears to be the true reason for such requirement, reasoning from analogy with the decisions in *Meyer* v. *Mayor* (14 Daly, 395); *Williams* v. *City of New York* (130 App. Div. 182).   While it may be perfectly true that the board was fully aware of the decision requiring it to pay the higher salary to a number of its teachers by virtue of the ruling of the State Commissioner, nevertheless, applying the language in *Taylor* v. *Mayor* (67 N. Y. 87, 94), the board " is not required to seek out those who have claims against it, and pay them even when due. It is to be presumed that all proper liabilities will be paid upon *demand*."   (Italics ours.)   It is quite easy to see that in the light

of the vast number of items with which the auditors most likely have to deal, it is surely not unreasonable to require that the claimant make such preliminary *demand.* And we feel that no comfort whatever can come to this plaintiff from the contention that the demand would have been utterly useless as the claim was seriously contested, for to yield to this would be nothing less than to render null and ineffective the provisions of the Civil Practice Act adverted to here.

The judgment is, therefore, modified by deducting the costs awarded to plaintiff, and as so modified affirmed, without costs.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.