MARGARET McCUTCHEON, an Infant, by Her Guardian ad Litem, ELIZABETH McCUTCHEON, Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF WHITE PLAINS, N. Y., Respondent. ELIZABETH McCUTCHEON, Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF WHITE PLAINS, N. Y., Respondent.— Order of the City Court of White Plains vacating notice of examination before trial reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs; examination to proceed on five days' notice. We are of opinion that the teacher whose testimony is to be taken is, in the circumstances disclosed, a person within the scope of section 289 of the Civil Practice Act. Lazansky, P. J., Young, Hagarty, Scudder and Davis, JJ., concur.

ISIDORE MILLER, Doing Business as CITY EGG CASE COMPANY, Appellant, v. HERMAN S. SMERKINS and Others, Respondents.— Judgment reversed on the law and the facts and a new trial granted, costs to the appellant to abide the event. In our opinion, the plaintiff's proofs are sufficient to show that H. S. Smerkins, Inc., the judgment debtor, was in business at 420 Forty-seventh avenue, Long Island City, in 1933, and that it, and not Smerkins as an individual, sold the business to the Hesco Waterproof Products Corporation. Findings inconsistent with this decision are reversed. Lazansky, P. J., Hagarty, Carswell and Tompkins, JJ., concur; Kapper, J., dissents and votes to affirm. Settle order on notice.

MUNICIPAL MOTOR BUS CO., INC., Respondent, v. SONJACK HOMES COMMUNITY CLUB, INC., and Others, Defendants, and NATHAN LONDON, Sued Herein as " John Jones," Appellant.— Order granting plaintiff's motion for an injunction *pendente lite* affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

GEORGE NICHOLAS, Respondent, v. FLORENCE A. WILLIAMS and Another, Appellants.— Order consolidating actions affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Scudder and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAFE-WAY COAL COMPANY, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the law, information dismissed and fine remitted. The record contains ample evidence warranting a trier of the fact in holding that the defendant corporation violated section 2411 of the Penal Law, except for the fact that the trial court exculpated the individuals by reason of whose acts alone the corporation could be convicted. The corporation could only be held to sanction the acts of its employees. If those acts were not wrongful, the corporation's act in sanctioning them would not be wrongful or violative of the statute. If those acts were wrongful, the corporation could be held to have violated the statute. Here the findings of the trial court were inconsistent. It found that the acts of two employees and the one officer were not wrongful and hence acquitted them, although the evidence would have permitted a contrary finding. The finding that the acts were not wrongful precluded a finding that the corporation's act was wrongful, since the defendant's act must have necessarily been predicated upon the acts of the employees. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.