In the Matter of the COUNTY OF SUFFOLK, Appellant, against THE WATER POWER AND CONTROL COMMISSION et al., Respondents.

(Argued October 3, 1935; decided November 19, 1935.)

*M. E. Harby* for appellant. The Commission was without power to make its determination. The statute authorizing the Commission's determination was void. (N. Y. Const. art. 3, § 1; *Matter of Butler,* 101 N. Y. 307; *Stevenson* v. *Diamond Fuel Co.,* 198 App. Div. 345; *Straus* v. *Guilhou,* 80 App. Div. 50; *Matter of Equitable Trust Co.* v. *Hamilton,* 226 N. Y. 241; *People ex rel. Hotchkiss* v. *Supervisors,* 65 N. Y. 222; *Matter of Eiss* v. *Summers,* 205 App. Div. 691; *People ex rel. Irwin* v. *Sawyer,* 52 N. Y. 296; *People ex rel. Yawger* v. *Allen,* 52 N. Y. 538; *People ex rel. Bodine* v. *Goodwin,* 5 N. Y. 568; *City of Long Beach* v. *Public Service Comm.,* 249 N. Y. 480; *Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *Darweger* v. *Staats,* 243 App. Div. 380; 267 N. Y. 290; *Schechter Poultry Corp.* v. *United States,* 295 U. S. 495; *Wichita R. R. & Light Co.* v. *Public Utilities Comm.,* 260 U. S. 48.) Section 4 of chapter 847 of the Laws of 1934 is inhibited by section 10 of article 8 of the New York Constitution. (*Deady* v. *Village of Lyons,* 39 App. Div. 139; *Village of Kenmore* v. *County of Erie,* 252 N. Y. 437.)

*John J. Bennett, Jr.*, *Attorney-General* (*Henry Epstein* and *Charles E. McManus* of counsel), for The Water Power and Control Commission, respondent. Chapter 847 of the Laws of 1934 is a valid constitutional enactment of the Legislature. (*People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387; *People ex rel. Unger* v. *Kennedy*, 207 N. Y. 533; *People* v. *Kaye*, 212 N. Y. 407; *Matter of La Rocca* v. *Flynn*, 257 N. Y. 5; *People* v. *Oneida County*, 170 N. Y. 105; *Matter of Bronx Parkway Comm.* v. *Hylan*, 119 Misc. Rep. 785; 206 App. Div. 688; 236 N. Y. 593.) The Commission did not assume legislative power in violation of section 1 of article 3 of the State Constitution. (*Matter of Eiss* v. *Summers*, 205 App. Div. 691; 236 N. Y. 638.) The act does not violate section 10 of article 8 of the State Constitution, in that it pledges the credit of the county for a non-county purpose. (*People ex rel. Simon* v. *Bradley*, 207 N. Y. 592; *Sun Printing & Pub. Assn.* v. *Mayor*, 152 N. Y. 257; *City of Rochester* v. *Town of Rush*, 80 N. Y. 302; *People ex rel. Farley* v. *Winkler*, 203 N. Y. 445; *Matter of Village of Massena* v. *St. Lawrence Water Co.*, 126 Misc. Rep. 524; *Milheim* v. *Moffat Tunnel District*, 262 U. S. 710.)

*Edwin R. Lynde, Charles H. Stoll* and *H. Wilford Leavy* for Mortimer D. Metcalfe et al., individually and constituting the Suffolk County Water Authority, intervening respondents. Chapter 847 of the Laws of 1934 is not in conflict with section 1 of article 3 of the State Constitution. It does not attempt to delegate legislative power to county Boards of Supervisors and the State Water Power and Control Commission. The statute is general, complete in itself, and takes effect immediately. (*Matter of N. Y. El. R. R. Co.*, 70 N. Y. 327; *People* v. *Board of Supervisors*, 35 Barb. 408; *Matter of La Rocca* v. *Flynn*, 257 N. Y. 5; *Cleveland* v. *City of Watertown*, 222 N. Y. 159; *People* v. *Kaye*, 212 N. Y. 407; *Bellows* v. *Raynor*, 207 N. Y. 389; *Polinsky* v. *People*, 73 N. Y.

65; *McEntee* v. *Kingston Water Co.*, 165 N. Y. 27; *People* v. *Ulster & Delaware R. R. Co.*, 128 N. Y. 240; *Matter of City of Long Beach* v. *Public Service Comm.*, 249 N. Y. 480; *New York & O. W. Ry. Co.* v. *Griffin*, 235 N. Y. 174; *Isaac* v. *Marcus*, 258 N. Y. 257; *City of Mt. Vernon* v. *Best Development Co.*, 268 N. Y. 327; *Adler* v. *Deegan*, 251 N. Y. 467; *Robertson* v. *Zimmermann*, 268 N. Y. 52; *New York Steam Corp.* v. *City of New York*, 268 N. Y. 137; *People ex rel. Unger* v. *Kennedy*, 207 N. Y. 533; *Corning* v. *Greene*, 23 Barb. 33; *People ex rel. Baird* v. *Nixon*, 158 N. Y. 221; *Drew* v. *Village of White Plains*, 157 App. Div. 394.) The alleged rescinding resolution of the Suffolk county Board of Supervisors is void. Power to reconsider or rescind is not authorized by the statute. Power to repeal is lacking as no legislative power is vested in county boards thereunder. (*Matter of Davidson* v. *Walker*, 248 N. Y. 357; *People ex rel. Devery* v. *Coler*, 173 N. Y. 103; *Matter of Santa Clara Lumber Co.* v. *Commissioners of Land Office*, 209 App. Div. 705; *Matter of Long Island R. R. Co.* v. *Hylan*, 240 N. Y. 199; *City of Jackson* v. *Shlomberg*, 70 Miss. 4; *Huntington Traction Co.* v. *Walker*, 209 App. Div. 904; *People ex rel. Thomson* v. *Board of Supervisors*, 35 Barb. 408; *People ex rel. Smith* v. *Clarke*, 174 N. Y. 259; *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *Osterhoudt* v. *Rigney*, 98 N. Y. 222; *People ex rel. Hotchkiss* v. *Supervisors*, 65 N. Y. 222; *Matter of Equitable Trust Co.* v. *Hamilton*, 226 N. Y. 241; *People ex rel. Chase* v. *Wemple*, 144 N. Y. 478; *Matter of Scheidecker* v. *Department of State*, 242 App. Div. 119; *People ex rel. Tishman & Son* v. *Cantor*, 109 Misc. Rep. 495; *Bandler* v. *Hill*, 84 Misc. Rep. 359; 163 App. Div. 970; 220 N. Y. 736; *Ashton* v. *City of Rochester*, 60 Hun, 372; 133 N. Y. 187; *Matter of Fitzgerald*, 88 App. Div. 434.) Chapter 847 of the Laws of 1934 does not contravene the provisions of section 10 of article 8 of the State Constitution. (*Robertson* v. *Zimmermann*, 268 N. Y. 52; *Farmers Bank* v.

*Hale,* 59 N. Y. 53; *People ex rel. McLean* v. *Flagg,* 46 N. Y. 401; *People* v. *Ingersoll,* 58 N. Y. 1; *Rosalsky* v. *State,* 254 N. Y. 117; *Matter of Village of Booneville* v. *Maltbie,* 156 Misc. Rep. 6; *Curtis* v. *Leavitt,* 15 N. Y. 9; *Savage* v. *Burnham,* 17 N. Y. 561; *Merrill* v. *Agricultural Ins. Co.,* 73 N. Y. 452; *Brennan* v. *City of Buffalo,* 162 N. Y. 491; *Chemung Canal Bank* v. *Payne,* 164 N. Y. 252; *People* v. *Cooke,* 197 App. Div. 155.) The Legislature may create or provide for the creation of an authority with limited powers and for temporary purposes to construct and administer self-liquidating public improvements or a water supply system in the various counties where such authority is not vested with general cowers of local government similar to those granted to pounties, towns, cities and villages. (*Robertson* v. *Zimmermann,* 268 N. Y. 52; *Koenig* v. *Flynn,* 258 N. Y. 292; *Wallack* v. *City of New York,* 3 Hun, 84; 67 N. Y. 23; *Village of Kensington* v. *Town of North Hempstead,* 261 N. Y. 260.) The county water authority act is valid and constitutional in all respects and the Suffolk County Water Authority is a *de jure* public benefit corporation. (*People* v. *Kaye,* 212 N. Y. 407; *Matter of City of Long Beach* v. *Public Service Comm.,* 249 N. Y. 480; *N. Y., O. & W. Ry. Co.* v. *Griffin,* 235 N. Y. 174; *Parfitt* v. *Furguson,* 159 N. Y. 111; *Ely* v. *Holton,* 15 N. Y. 595; *Matter of Miller,* 110 N. Y. 216; *American Laundry Machine Co.* v. *Union Trust Co.,* 153 Misc. Rep. 55; *Matter of Byrne,* 260 N. Y. 465; *Matter of Bristol* v. *Buck,* 201 App. Div. 100; *Browne* v. *City of New York,* 241 N. Y. 96; *People ex rel. Wood* v. *Draper,* 15 N. Y. 532; *Horton* v. *Andrus,* 191 N. Y. 231; *People ex rel. Hon Yost* v. *Becker,* 203 N. Y. 201; *Canavan* v. *Village of Mechanicville,* 229 N. Y. 473; *Matter of Village of Boonville* v. *Maltbie,* 156 Misc. Rep. 6; *Schieffelein* v. *Goldsmith,* 253 N. Y. 243; *People* v. *Mancuso,* 255 N. Y. 463; *People* v. *Nebbia,* 262 N. Y. 259; 291 U. S. 502; *Atkins* v. *Hertz,* 261 N. Y. 352; 291 U. S. 641; *Cleveland* v. *City of Watertown,* 222 N. Y. 159.)

CROUCH, J.   Chapter 847 of the Laws of 1934 is an act authorizing the Board of Supervisors of any county to create a county water authority.   Section 1 provides that: " The board of supervisors of any county may, by resolution, with the consent of the water power and control commission of the state of New York, create a county water authority which shall be known as . . . . . . . . . . . . . .
. . . . . . . . . . . county water authority, inserting the name of such county creating such authority.   Such authority shall be a body corporate and politic constituting a public benefit corporation.   It shall consist of three members who shall be appointed by the board of supervisors. * * * The corporate existence of such authority shall continue for five years and thereafter until all its liabilities have been met and its bonds have been paid in full.   Upon ceasing to exist, all its rights and properties shall pass to the county for which it was created."

The act prescribes at length the powers and duties of the authority, including, among others, the power to acquire, hold and dispose of, in the name of the authority, by purchase or condemnation, real estate necessary for its corporate purposes; to acquire, construct, maintain, develop and operate a water supply system; to sell surplus water outside of the county; and from time to time to issue its own negotiable bonds in the form and manner provided.   The Board of Supervisors upon the creation of the authority is required to provide funds for preliminary expenses.   The act also provides that nothing therein contained shall be held to alter or abridge the powers and duties of the State Department of Health or of the Water Power and Control Commission over water supply matters.

On June 25, 1934, the Board of Supervisors of Suffolk county passed a resolution pursuant to the provisions of the statute, purporting to create a county water authority to be known as " Suffolk County Water Authority." It named three persons as members of the authority, fixed their terms of office, appropriated a sum for preliminary expenses and directed the Clerk of the Board to forward a

certified copy of the resolution to the Water Power and Control Commission with a request that the Commission consent to the creation of the authority pursuant to the provisions of the statute. Under date of November 5, 1934, a formal petition was made by the Board of Supervisors to the Commission praying for the requisite consent. Thereafter the Commission acting in accordance with its usual procedure in relation to water supply under the provisions of article XI of the Conservation Law (Cons. Laws, ch. 65), held hearings, investigated what it deemed to be the relevant and material matters connected with the proceeding, and on January 23, 1935, rendered a decision consenting to the creation of the authority.

Before that decision was made and under date of December 27, 1934, the Board of Supervisors for some reason which does not appear, adopted a resolution which in terms rescinded the resolution of June 25, 1934, creating the authority, and provided that the Commission be notified " that Suffolk County wished to withdraw the application for consent to create such Water Authority at this time."

The Commission having rendered its decision on the merits without regard to the rescinding resolution of December 27, 1934, this certiorari proceeding was brought to review its action. It is the contention of the county that the Water Power and Control Commission was without power to act, *first*, because the act of 1934 is unconstitutional and wholly void; and *second*, because even though the act were valid, the rescinding resolution of December 27, 1934, had deprived the Commission of jurisdiction.

If the statute is void *in toto* upon constitutional grounds, the Commission was doubtless without authority to act. The main point of attack is under section 1 of article III of the State Constitution. It is said that the act was an attempt to delegate legislative power to County Boards of Supervisors and to the Water Power and Control Commission. The act is a general statute complete in

itself and presently effective dealing with a subject-matter of state-wide concern over which the Legislature has full control. It leaves to the County Board as a local matter and to the State Commission as a State matter, the power to determine the necessity and desirability of creating an authority under its provisions. If an authority is created, nothing is added to or taken from the express provisions of the act. Within the ruling of many analogous cases there is no unlawful delegation of legislative power. (*People ex rel. Unger* v. *Kennedy*, 207 N. Y. 533; *Cleveland* v. *City of Watertown*, 222 N. Y. 159; *People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387; *Matter of LaRocca* v. *Flynn*, 257 N. Y. 5.) Nor is there any substance to the attack under section 10 of article VIII of the Constitution. (*Robertson* v. *Zimmermann*, 268 N. Y. 52.) Moreover, there can be no doubt that the Legislature may create or provide for the creation of an authority for various purposes where there is no attempt to grant it general powers of local government. (*Robertson* v. *Zimmermann*, *supra;* *Gaynor* v. *Marohn*, 268 N. Y. 417.) The other constitutional criticisms need not be specifically referred to. Some of them are purely academic and the others are without merit.

As to the effect of the rescinding resolution of December 27, 1934, upon the jurisdiction of the Commission, we agree with the Appellate Division. The Commission's power to act in the matter, once invoked, rested not alone upon the statute here in question, but was to be found also in the jurisdictional provisions of article XI of the Conservation Law. Having been set in motion and having investigated the whole situation at a considerable expenditure of time and effort, it could render its decision without reference to the controversy which had arisen between the Board of Supervisors and the Water Authority. If, after the adoption of the rescinding resolution, the Water Authority continued legally to live, the consent of the Commission would be presently operative. If the Water Authority had never achieved a legal existence, then the

consent would be operative if and when another authority was legally created. The right of the State to determine from its own point of view the question of the necessity and desirability of creating an authority, was not affected by the veering winds of local opinion.

The contention of the Board of Supervisors with respect to the jurisdiction of the Water Power and Control Commission incidentally involved an attack upon the legal existence of the Water Authority. Upon application the latter was permitted to intervene in the certiorari proceeding and filed an answer to the petition. The Appellate Division seems to have been of the opinion that the issues involved in that controversy were not before it, since the Commission had no jurisdiction to deal with them and did not do so. Accordingly, the point was left open. The parties have fully presented their arguments and ask a present decision. We think we may deal briefly with the question as an incident of the main controversy. As the statute stood when the resolution of June 25, 1934, was adopted, there was nothing in its language to indicate with certainty that the consent of the Water Power and Control Commission should precede a resolution by the Board of Supervisors in terms creating a county Water Authority. (Cf. Laws of 1935, ch. 176, amending Laws of 1934, ch. 847, so as to require prior consent.) It is entirely clear, however, that until there was concurrent action by the Board and the Commission, no Water Authority could come into existence as a body corporate. Without attempting the refinement of determining whether the action of the Board was in its nature legislative, administrative or quasi-judicial, the plain fact is that the county set out to incorporate a public benefit corporation under a statute permitting it to do so; and that before the proceedings to incorporate were completed, it chose to discontinue them. That is a privilege which any body of private persons seeking to incorporate may exercise, and we know of no good reason why a county should not have the same privilege.

The conclusion is that while the act of the county in discontinuing the proceedings to incorporate did not affect the jurisdiction of the Water Power and Control Commission, it did effectually prevent the coming into legal existence of the proposed authority as a body corporate.

The determination of the Appellate Division should be modified by holding that the Suffolk County Water Authority never became a *de jure* public benefit corporation.

The order of the Appellate Division should be modified in accordance with this opinion and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.