Francis S. Boulton, Plaintiff, *v.* Fiorello H. LaGuardia and Others, Defendants.

Supreme Court, Special Term, New York County, December 27, 1937.

*George Dyson Friou,* for the plaintiff.

*Paul Windels, Corporation Counsel [George S. Parsons* and *Theodore R. Lee* of counsel], for the defendants.

Black, J. Motion is made by defendants to vacate a subpœna and notice of examination directed to Thaddeus Merriman, who it appears is a consulting engineer of the board of water supply of the city of New York, and a similar motion is made to vacate a subpœna and notice of examination directed to Dr. Charles P. Berkey, a geologist, who, it appears, is consulted by the board of water supply of the city of New York and is paid by the city on a per diem basis as and when so employed. The plaintiff has served a cross-motion by which the examination is sought of both witnesses referred to herein. That the initiation of an interlocutory proceeding, as in the instant case, by notice rather than by order, is inappropriate when the right of examination is at best extremely doubtful, should not be approved. However, if we treat the cross-motion as a new application, whether in support of the notice to show necessity, relevancy and materiality for the right of examination, is of no moment, as the entire matter should and will be treated upon the merits in so far as there is a right or a favor as a matter of discretion. (*Public National Bank* v. *National City Bank,* 261 N. Y. 316.) If an examination is permissible either as of right or discretion, it may well be upon the facts here disclosed that the exercise of such discretion should be in favor of the plaintiff, particularly since the examination will no doubt to a considerable extent shorten the trial on the issues framed by the pleading. In each instance I am assuming that both of the witnesses sought to be examined are

employees and /or officers of the city of New York. I assume, also, that the plaintiff has exhausted her remedy afforded under section 1545 of the Greater New York Charter, and has been permitted to examine the public records in so far as the subject-matter is concerned, yet withal I am convinced that, under the provisions of article 29, sections 288 to 309, of the Civil Practice Act, there is no statutory sanction for the examination of witnesses, whether employees or officers of the city of New York, even though in a particular case the facts would warrant such examination as a matter of discretion.

The action is a taxpayer's action, brought pursuant to section 51 of the General Municipal Law, to restrain the city of New York and certain of its officers from proceeding further with the Delaware project for an additional supply of water. There are, of course, many reasons why a municipal corporation should not be subjected to examinations before trial, and even though, perhaps, the litigation is important to the plaintiff as a representative taxpayer, yet, with all this in mind, I am of the opinion that there is no statutory sanction for the relief here sought by plaintiff either as of right or in the exercise of a wise discretion.

Motion to vacate notices of examination is granted. The cross-motion, if it be deemed independent of the notice of examination, is denied. ( *Uvalde Asphalt Paving Co.* v. *City of New York*, 149 App. Div. 491; *Davidson* v. *City of New York*, 175 id. 969; affd., 221 N. Y. 487; *Bush Terminal Co.* v. *City of New York*, 259 id. 509.)