ETHEL SMITH, as Administratrix, etc., of ETHEL SMITH, Deceased, and ETHEL SMITH, Plaintiffs, *v.* CITIZENS SAVINGS BANK and NEW YORK CITY HOUSING AUTHORITY, Defendants.

Supreme Court, Special Term, New York County, January 21, 1938.

*Alfred E. Herz,* for the plaintiffs.

*William J. McArthur,* for the defendant Citizens Savings Bank.

*William C. Chanler, Corporation Counsel,* for the defendant New York City Housing Authority.

McGEEHAN, J. Motion to examine the defendant bank is granted as to items 3, 4, 6 and 12 and denied as to other items except that as to item 6 the examination will be confined to the defendant bank. The defendant bank admits ownership and control (paragraphs sixth and seventh of the complaint). The admission by the defendant bank that its codefendant was in control as alleged in paragraph eighth of the complaint does not invalidate the admission of control of the defendant bank under the seventh paragraph of the complaint, even though the codefendant denies control upon information and belief. The other items of examination denied as to the defendant bank have been eliminated in the absence of special circumstances by affidavit of plaintiff. As to the codefendant, this court is satisfied that no examination is authorized under section 289 of the Civil Practice Act, as such defendant is not such a corporation as therein provided. The codefendant here is, as defined in *Matter of New York City Housing Authority* v. *Muller* (270 N. Y. 333), a public corporation organized under the Municipal Housing Authorities Law (Laws of

1934, chap. 4), comprising sections 60 to 78, inclusive, of the State Housing Law, being Laws of 1926, chapter 823. In *Van Campen v. Olean General Hospital* (210 App. Div. 204, 206), the court there made the following distinction: "Public corporations are the instrumentalities of the State, founded and owned by it in the public interest, supported by public funds and governed by managers deriving their authority from the State."

In *Phillips* v. *Baltimore* (110 Md. 431; 72 A. 902) the court stated: "Public corporations are synonymous with municipal * * * corporations." The codefendant here is a public corporation and under the authorities (*Matter of Suffolk County v. Water Power & C. Comm.*, 269 N. Y. 158; *Robertson v. Zimmerman*, 268 id. 52; *Gaynor v. Marohn*, Id. 417; *Longken, Inc.*, v. *City of Long Beach*, Id. 532; *Lehigh Valley R. R. Co.* v. *Canal Board*, 204 id. 471; *Cayuga County* v. *State*, 153 id. 279) is not within the term "private corporation," as a municipal corporation may not under our statute be subjected to an examination before trial. (*Uvalde Asphalt Paving Co.* v. *City of New York*, 149 App. Div. 491.) This interpretation was affirmed in *Davidson* v. *City of New York* (221 N. Y. 487) and *Bush Terminal Co.* v. *City of New York* (259 id. 509). As this court holds that the codefendant here as a public corporation is within the term of a municipal corporation, no examination before trial should be granted. However, the records of the public corporation are not immune from inspection in a proper case. The records of the housing authority, in so far as they may relate to the use and/or occupancy of the premises involved here, should be open to those who may show a clear right thereto in the same manner as is open to taxpayers pursuant to sections 1545 and 1546 of the Greater New York Charter and section 51 of the General Municipal Law or the corresponding provisions of law as now constituted by law. The right to such inspection of records is, therefore, held to be open to the plaintiff or such other person on her behalf as may come within the provisions of the statute. The trial of the action here involves the question of liability for the death of plaintiff's intestate, an infant, while using the alleged vacant lot which plaintiff claims was used or was permitted to be used as a playground by the children in the vicinity. It is important to settle the issue of law as to whether the deceased infant was an invitee, licensee and/or trespasser, or perhaps there was a hidden trap and danger on the premises. The issues as to control should be settled before the trial, if possible, so that unnecessary time be not consumed in the preliminary issue.

To the extent indicated, the motion is granted as to the defendant bank and denied as to the housing authority. Settle order accordingly.