BEVERLY J. MACK, Infant, by Her Guardian ad Litem, RONALD W. MACK, Plaintiff, *v.* THE PRESIDENT AND TRUSTEES OF THE SCHOOL BOARD OF THE VILLAGE OF BRIARCLIFF MANOR and Others, Defendants.

Supreme Court, Westchester County, March 9, 1939.

*Kent, Hazzard & Jaeger,* for the plaintiff.

*Chauncey L. Grant,* for the defendants.

NOLAN, J. Plaintiff seeks to examine the defendants Board of Education, School District No. 2, Towns of Ossining and Mount Pleasant and the Village of Briarcliff Manor, as adverse parties before trial pursuant to the provisions of sections 288 and 289 of the Civil Practice Act. It has been frequently held that municipal corporations are not subject to such examination. (*Davidson* v. *City of New York,* 221 N. Y. 487; *Bush Terminal Co.* v. *City of New York,* 259 id. 509; *Uvalde Asphalt Paving Co.* v. *City of New York,* 149 App. Div. 491; *Cooper* v. *Village of Brockport,* 246 id. 571.) The defendant board of education, as well as the defendant village, is a municipal corporation. (Education Law, §§ 300–312; General Corp. Law, § 3; *Yellow Pine Co.* v. *Board of Education,* 15 Misc. 58; *Caldwell* v. *Board of Education,* 127 id. 492.)

Plaintiff urges, however, that the decisions in these cases, on the reasons ascribed for the conclusions therein reached, should be strictly limited to the facts therein disclosed, and that an examination should be granted in this case because of the necessity shown for such examination. If this were a matter of discretion, the motion should be granted. There appears to be no statutory sanction, however, for the examination of these defendants. Section 289 of the Civil Practice Act provides for the examination of a corporation or an association as an adverse party. Under the

authorities construing this section, however, neither defendant is such a corporation as is therein referred to. It is a well-settled doctrine that a statute prescribing in general terms procedural requirements is not applicable to the State, or its political subdivisions, unless such entities are specifically included in the statute. (*Jewish Hospital of Brooklyn* v. " *John Doe*," 252 App. Div. 581.) The defendant village is a political subdivision of the State. The defendant board of education, while it is a corporate entity, separate and apart from the village, and from the towns of Ossining and Mount Pleasant, is nevertheless a governmental agency performing functions which ordinarily belong to and are discharged by the State. (*Ham* v. *Mayor*, 70 N. Y. 459; *Gunnison* v. *Board of Education*, 176 id. 11.) Apparently, neither defendant is subject to the provisions of the statute authorizing examination before trial. (*Smith* v. *Citizens Savings Bank*, 166 Misc. 843.)

Motion denied, without prejudice, however, to an application, if plaintiff shall be advised that such application is proper, and on a more complete showing of special circumstances, to examine the individuals named in the notice of motion as witnesses. In this connection, see, however, *Boulton* v. *LaGuardia* (166 Misc. 293). Settle order on notice.