EDITH NEAL, Appellant, v. CLAUDE NEAL, Respondent.— Order so far as appealed from affirmed, without costs of this appeal to either party. Memorandum: The court at Special Term properly exercised its discretion in refusing to grant temporary alimony and counsel fees to plaintiff pending appeal. All concur. (The portion of the order appealed from denies plaintiff's motion for alimony and counsel fees during pendency of the appeal in a divorce action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

R. J. BROOKS, Executor, etc., of THOMAS BROOKS, Deceased, Respondent, v. JOHN T. SLAWSON, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and motion to strike out plaintiff's reply and for summary judgment on defendant's counterclaim granted, with ten dollars costs. Memorandum: The note upon which the counterclaim is based was unquestionably an accommodation note but we find no substantial evidence that the plaintiff's testator was incompetent at the time the transaction was had in which the note was signed and delivered. We find no substantial evidence in the affidavits to sustain any of the defenses alleged in the plaintiff's reply. All concur. (The order denies defendant's motion to strike out plaintiff's reply and for judgment on defendant's counterclaim, in an action in conversion.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

VICTORIA BRUNO, by JOSEPH BRUNO, Her Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF THE CITY OF BUFFALO and JULIA SALTARELLI, Appellants.— Order so far as appealed from affirmed, with ten dollars costs and disbursements. Memorandum: It is argued by appellants that an examination before trial of the individual defendant will be in effect an examination of the other defendant, a municipal corporation, which is a practice the courts have not permitted, but the individual defendant in giving instruction was not an agent of the board of education. (*Lessin* v. *Board of Education of City of New York*, 247 N. Y. 503.) Plaintiff should not be deprived of the privilege of examining the individual defendant (Civ. Prac. Act, § 288) merely because of the chance that a case may thereby be made out against the other defendant. It has even been held that where the board of education alone was sued, the teacher could be examined before trial. (*McCutcheon* v. *Board of Education of White Plains*, 242 App. Div. 659; *Braun* v. *Board of Education of City of New York*, 248 id. 586.) All concur. (The portion of the amended order appealed from granted plaintiff's motion to examine one of the defendants before trial, in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.