Margaret Wodetzky, an Infant, by Elmer Wodetzky, Her Guardian ad Litem, and Elmer Wodetzky, Plaintiffs, *v.* The Board of Education of the City of New York and The City of New York, Defendants.

City Court of New York, Special Term, Queens County, November 21, 1939.

*Sol Horenstein,* for the plaintiffs.

*William C. Chanler, Corporation Counsel [Jacob C. Lefkowitz, Assistant Corporation Counsel,* of counsel], for the defendants.

Towers, J. This action is by plaintiff Margaret Wodetzky, an infant, by her guardian *ad litem,* for personal injuries, and by plaintiff Elmer Wodetzky, her father, for expenses incurred because of such injuries, against the board of education of the city of New York and the city of New York, and is based upon negligence in that it is alleged that the infant plaintiff was caused to fall on a slippery and unsafe floor and by virtue of the improper supervision by the board of education and the city of New York, its agents, servants and/or employees in class 3B-4 in Public School No. 70, located at Forty-second street between Jamaica and Grand avenues, Astoria, Queens county, N. Y.

Heretofore a motion was made by plaintiff in this court and in this case for an order " directing the defendant, The Board of Education of the City of New York, by its proper manager or director, and Mrs. J. A. Klein, teacher in charge of class 3B-4 of P. S. 70 to appear and be examined " before trial with respect to eighteen items set forth in said notice of motion. That motion was denied without prejudice to an application to take the testimony before trial of any witness on proper proof of special circumstances which render it proper, as provided in section 288 of the Civil Practice Act.

The motion now before the court is not by way of a reargument of the prior motion but a new motion in which plaintiff seeks the same relief as was sought in said prior motion, except that now plaintiff seeks only to examine " Mrs. J. A. Klein, teacher of class 3B-4 of P. S. No. 70, an employee of the defendant, The Board of Education of the City of New York." The items upon which an examination is now sought are substantially the same as on the prior motion with very slight changes in the language used and no change in the purpose or scope.

The question presented is not whether the court should exercise judicial discretion and apply the rule of liberality, but, rather, whether or not there is statutory sanction at all for such an examination. If it was merely a matter of judicial discretion the motion should be granted, but discretion can be exercised only when there is some basis for its exercise.

The law is now well settled that a municipal corporation may not be examined before trial. (*Davidson* v. *City of New York*, 221 N. Y. 487; *Bush Terminal Co.* v. *City of New York*, 259 id. 509; *Uvalde Asphalt Paving Co.* v. *City of New York*, 149 App. Div. 491.)

There is authority for determining that the board of education of the city of New York is a municipal corporation, found in section 2 of chapter 786 of the Laws of 1917, which reads as follows: " § 2. City school district. Each city in which the school district boundaries are coterminous with the city boundaries is hereby declared to be a city school district," when read along with section 3 of chapter 687 of the Laws of 1892, which reads as follows: " A municipal corporation includes a county, town, school district, village and city and any other territorial division of the State established by law with powers of local government."

Section 2 of the General Municipal Law excludes from the term " municipal corporation " a " school district," and " any other territorial division of the State established by law with power of local government." Section 21 of the General Municipal Law

defines the term " ' municipal corporation ' as used in this section " to include " school district " and " any other district or territory authorized by law to issue bonds." Section 29 of the General Municipal Law defines the term " ' municipal corporation ' as used in this article " to include " school district " and " any other district or territory authorized by law to issue bonds." These definitions, however, apply only to the limited purposes of the General Municipal Law and are not determinative of what constitutes a municipal corporation. (See footnote to [McKinney's] section 2 of the General Municipal Law. See, also, *Yellow Pine Co.* v. *Board of Education*, 15 Misc. 58; *Caldwell* v. *Board of Education*, 127 id. 492; *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297; *Gunnison* v. *Board of Education*, 176 id. 11; *Mack* v. *President & Trustees of School Board of Village of Briarcliff Manor*, 171 Misc. 165.)

The board of education of the city of New York is not a civil division of the State (*Lessin* v. *Board of Education*, 247 N. Y. 503, 510), but it is a corporation created by the State for a public purpose. (*Lessin* v. *Board of Education*, supra; *Herman* v. *Board of Education*, 234 N. Y. 196.) Whatever property the board of education possesses was acquired with public funds and all of its assets are publicly owned. It performs no private function. It is, therefore, a public corporation as distinguished from a private corporation. (*Matter of New York City Housing Authority* v. *Muller*, 270 N. Y. 333; *Smith* v. *Citizens Savings Bank*, 166 Misc. 843; *Van Campen* v. *Olean General Hospital*, 210 App. Div. 204, 206; *Matter of County of Suffolk* v. *Water Pr. & C. Comm.*, 269 N. Y. 158; *Robertson* v. *Zimmermann*, 268 id. 52; *Gaynor* v. *Marohn*, Id. 417; *Longken, Inc.*, v. *City of Long Beach*, Id. 532; *Lehigh Valley R. R. Co.* v. *Canal Board*, 204 id. 471; *Cayuga County* v. *State*, 153 id. 279.) It has been held that a public corporation, as distinguished from a private corporation, may not be examined before trial. (*Smith* v. *Citizens Savings Bank*, supra; *Lovero* v. *Home Owners' Loan Corp.*, 172 Misc. 754; *Goldman* v. *Home Owners' Loan Corp.*, 173 Misc. 38.)

The board of education of the city of New York is an agency of the State performing functions which ordinarily belong to and are discharged by the State. (*Ham* v. *Mayor, etc., of City of New York*, 70 N. Y. 459; *Gunnison* v. *Board of Education of City of New York*, supra; *Herman* v. *Board of Education*, supra; *Lessin* v. *Board of Education*, supra.) It has been held that a corporation performing functions which ordinarily belong to and are discharged by the State is excluded from a statute prescribing in general terms procedural requirements unless such corporation is specifically

included in the statute. (*Jewish Hospital of Brooklyn* v. *Doe,* 252 App. Div. 581.)

It was said in *Jewish Hospital of Brooklyn* v. *Doe* (*supra,* at p. 584): " It is also a well-settled doctrine that a statute prescribing in general terms procedural requirements is not applicable to the State or its political subdivisions unless these entities are specifically included in the statute." It was found in that case that the plaintiff was a charitable institution created by the State and that it was an agency of the State performing to some extent a governmental function which ordinarily belongs to and usually is discharged by the State, and it was there said with respect to the above-mentioned well-settled doctrine: " The same doctrine that excludes the State and its political subdivisions from the statute requires a holding that a charitable institution such as plaintiff is also excluded." It appears that the plaintiff in *Jewish Hospital of Brooklyn* v. *Doe* (*supra*) is a private corporation. (*Van Campen* v. *Olean General Hospital,* 210 App. Div. 204, 206.) If the well-established doctrine of exclusion applies to a private corporation performing only to some extent a governmental function, as appears to have been the case in *Jewish Hospital of Brooklyn* v. *Doe* (*supra*), then that same doctrine of exclusion applies with greater reason and authority to a public corporation wholly engaged in performing a governmental function and performing no private functions such as is the board of education of the city of New York.

It appears, therefore, whether we look upon it as (1) a municipal corporation or (2) a public corporation as distinguished from a private corporation, or (3) a governmental agency of the State performing functions which ordinarily belong to and are discharged by the State, that the board of education of the city of New York is excluded from the statute providing for examinations before trial, for that statute prescribes in general terms a procedural requirement and the board of education of the city of New York is not specifically included in the statute.

The board of education of the city of New York is liable for its own negligence (*Herman* v. *Board of Education, supra; Lessin* v. *Board of Education, supra*), but that is not determinative of the question here presented.

The reasons for omitting from the statute any provision for examining a municipal corporation before trial stated in *Matter of Ihrig* v. *Williams* (181 App. Div. 865, 867; affd., 223 N. Y. 670) are " in order to relieve municipalities from annoyance incident to such examinations and loss of time of their officers and employees that would be caused thereby," and those reasons apply with especial force to teachers in our public schools.

In *McCutcheon* v. *Board of Education* (242 App. Div. 659), the only authority relied upon by movant, the decision appears to have turned upon whether or not a teacher employed by the board of education is a person within the scope of section 289 of the Civil Practice Act. It does not appear that the question of whether or not the statute itself sanctions such an examination was raised or passed upon.

In *Braun* v. *Board of Education* (248 App. Div. 586) the court affirmed without opinion an order made at Special Term, Supreme Court, Kings county, directing an examination before trial of a teacher employed by the board of education. From the opinion at Special Term in that case (N. Y. L. J. Nov. 23, 1935, p. 2038) it appears that the learned justice, in reaching his conclusion, relied upon a holding that the board of education of the city of New York is not a municipal corporation because it is not so defined in section 2 of the General Municipal Law, but chief reliance appears to have been placed upon *McCutcheon* v. *Board of Education* (*supra*), which appears to have been a determination as above noted, and *Lessin* v. *Board of Education* (212 App. Div. 805). The latter case is referred to in said opinion at some length. Since it is not so noted in the opinion it is obvious that the attention of the learned justice at Special Term was not drawn to the fact that *Lessin* v. *Board of Education* (212 App. Div. 805) was subsequently reversed on reargument (*Lessin* v. *Board of Education*, 212 App. Div. 866) and the right to an examination before trial denied. These two cases (*McCutcheon* v. *Board of Education*, *supra*, and *Braun* v. *Board of Education*, *supra*) have been cited and relied upon as authorities for the proposition that there is statutory provision for an examination before trial of the board of education of the city of New York. I am constrained to believe that it was error to do so. It would seem that the decisions in these two cases and those that have been predicated thereon proceed out of the rule of liberality applied on examinations before trial and on the assumption that the right to such examinations rests in the sound discretion of the court rather than from an actual presentation and consideration of and determination that the statute itself sanctions such an examination.

The reasons which impelled this court to deny the prior motion apply with equal force to the instant motion. There does not appear to be any statutory provision for an examination before trial of an employee of a corporate defendant where such corporate defendant itself may not be examined (*Boulton* v. *LaGuardia*, 166 Misc. 293), unless such employee is also a defendant. (*Bruno* v. *Board of Education*, 256 App. Div. 1052.) In the latter case the examination

is of an adverse party, pursuant to the provisions of the statute. It would be futile as well as contradictory to deny to a plaintiff the right to examine a corporate defendant before trial if an examination of an employee of such corporate defendant is permissible for the same purpose and with the same scope. None of the special circumstances referred to in section 288 of the Civil Practice Act appear.

Motion denied.