GERALD G. RUCKER, an Infant, etc., and Another, Plaintiffs, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Queens County, December 7, 1939.

*Benjamin Cooper*, for the plaintiffs.

*William C. Chanler, Corporation Counsel [John J. O'Brien of counsel]*, for the defendant.

HALLINAN, J. In an action by the infant plaintiff to recover damages for personal injuries claimed to have been sustained through the negligence of the defendant board of education, and by his father to recover for loss of services, etc., a motion has been made to examine said defendant before trial as an adverse party, pursuant to sections 288 *et seq.* of the Civil Practice Act, through certain of its employees, namely, the cleaner or custodian in charge of Public School 115, the teacher in charge of the class in which the infant plantiff was duly enrolled, and the teacher or principal in

charge of said school at the time of the occurrence complained of, none of whom are defendants in this action.

The defendant board of education resists the motion, *first*, upon the ground that it is a municipal corporation and, therefore, not subject to examination before trial, and *second*, that there is neither merit to nor necessity for the application.

In *Bush Terminal Company* v. *City of New York* (234 App. Div. 721; revd., 259 N. Y. 509) the Court of Appeals answered the following certified question in the negative, on the authority of *Davidson* v. *City of New York* (221 N. Y. 487): " Is the plaintiff entitled to take the depositions of the named witnesses under the order in this case, the defendant being a municipal corporation?"

In *Uvalde Asphalt Paving Co.* v. *City of New York* (149 App. Div. 491, 495) and *Matter of Ihrig* v. *Williams* (181 id. 865, 867; affd., 223 N. Y. 670) the reason for holding municipal corporations exempt from such examination was stated: " to relieve municipalities from annoyance incident to such examinations and the loss of time of their officers and employees that would be caused thereby."

It is thus clearly settled that a municipal corporation cannot be examined before trial.

The question to be determined, then, is whether the board of education of the city of New York is a municipal corporation, and, therefore, within this rule.

In *Yellow Pine Co.* v. *Board of Education* (15 Misc. 58, 60) Mr. Justice CULLEN, later Chief Judge of the Court of Appeals, said: " *the board of education is now a separate municipal corporation,* though doubtless a department of the city government. It possesses the powers and is subject to the duties of trustees of common schools; * * *. Formerly, trustees of an ordinary school district were only a *quasi* corporation of very limited powers. *Bassett* v. *Fish*, 75 N. Y. 303. But by the General Revision Act of 1892 (Chap. 687, Laws of 1892, § 3) school districts are constituted municipal corporations. Since that act, whatever may have been the case before, the board of education would seem to be a corporation." (Italics mine.)

The Appellate Term, First Department, in *Caldwell* v. *Board of Education* (127 Misc. 492) held the board to be a " municipal corporation " within the meaning of section 1498 of the Civil Practice Act (Laws of 1921, chap. 199), in view of section 29 of the General Municipal Law as added by chapter 769 of the Laws of 1911, and of section 3 of the General Corporation Law.

In *Gunnison* v. *Board of Education* (176 N. Y. 11, 17) it was held that the board of education of the city of New York can sue and be sued as a corporation separate and apart from the city. There, the parties conceded that the defendant was " a public municipal

corporation " (p. 14), and the court held *inter alia* that " The only purpose for which the defendant was created a corporate body was to conduct a system of public education in a designated division of the State and manage and control the schools therein.   *   *   * The only relation that the city has to the subject of public education is as the custodian and depositary of school funds, and its only duty with respect to that fund is to keep it safely and disburse the same according to the instructions of the board of education."

In *Herman* v. *Board of Education* (234 N. Y. 196) the court said:

" Defendant board of education is a body corporate with capacity to sue and be sued (*Ham* v. *Mayor, etc., of N. Y.,* 70 N. Y. 459), having the power and impressed with the duty to superintend, manage and control the school. (Education Law [Cons. Laws, ch. 16], § 310) " (p. 199).

" The board of education is a governmental agency of the State. It is not a civil division of the State. It is not liable for the torts of its agents.   *   *   * It, however, remains liable for its own negligence " (p. 201).   (See, also, *People ex rel. Wells & Newton Co.* v. *Craig,* 232 N. Y. 125, 135, and *Lessin* v. *Board of Education,* 247 id. 503, 510.)

Likewise, statutory authority exists justifying the view that the board of education is a municipal corporation.   Chapter 786 of the Laws of 1917 provides:

" § 2. City school district.   Each city in which the school district boundaries are coterminus with the city boundaries is hereby declared to be a city school district."

And subdivision 1 of section 3 of the General Corporation Law states: " A ' municipal corporation ' includes a county, town, school district, village and city and any other territorial division of the State established by law with the powers of local government."

Since the boundaries of the board of education " are coterminous " with those of the city of New York, it follows that it is a city school district within the meaning of section 2 of chapter 786 of the Laws of 1917 and a municipal corporation within the definition of the General Corporation Law (*supra*).

Even if the board of education were considered solely a governmental agency exercising State functions, or, by virtue of sections 521 to 526 of chapter 20 of the New Charter (§§ 96 and 108 of the Greater N. Y. Charter), merely an administrative department of the city (*Matter of Hirshfield* v. *Cook,* 227 N. Y. 297), the result is the same.   The reasons advanced by the courts for disallowing examinations before trial of the city of New York apply with equal force.   As said by Mr. Justice TOWERS of the City Court of the City of New York, County of Queens, in a well-considered and

exhaustive opinion on the subject (*Wodetzky* v. *Board of Education,* N. Y. L. J. Nov. 22, 1939, p. 1761): " The board of education of the city of New York is not specifically included in the statute * * *. The reasons for omitting from the statute any provision for examining a municipal corporation before trial * * * apply with especial force to teachers in our public schools." (See *Lessin* v. *Board of Education,* 212 App. Div. 805, 866; *Spencer* v. *Ryan,* 232 id. 790; *Doherty* v. *Board of Education,* N. Y. L. J. April 24, 1926, p. 389; and *Mack* v. *President and Trustees of School Board of Village of Briarcliff Manor,* 171 Misc. 165.)

Counsel for plaintiffs, while *conceding* that the defendant is a municipal corporation, argues that in some aspects it is in the same category as any private corporation; that it does not enjoy sovereign immunity, and is liable for acts of negligence committed by its agents or employees; that in any event the question as to whether it is subject to examination before trial is no longer open in this department, in view of *McCutcheon* v. *Board of Education* (242 App. Div. 659); *Braun* v. *Board of Education* (248 id. 586); *Costellano* v. *Board of Education* (Id. 635), and *Gale* v. *Board of Education* (Id. 892).

I am of the opinion that the fact that the board of education does not enjoy immunity for acts of negligence committed by its agents or employees in the management of its property ( *Kagan* v. *Avallone,* 243 App. Div. 437; *Herman* v. *Board of Education, supra*) is immaterial here. Neither does the city of New York enjoy such immunity, and yet it is not subject to examination; and, as Mr. Justice CARSWELL tersely observed in his dissent in *Hannon* v. *City of New York* (226 App. Div. 757): " The statutory provisions with respect to examinations were enacted by the Legislature with full knowledge of the decisions excluding municipal corporations therefrom. *Despite this, the Legislature has not by express language sought to include municipal corporations in the general provisions with respect to examinations.*" (Italics mine.)

Thus, the basis for holding that a municipal corporation cannot be examined before trial is not lack of liberality on the part of the courts in the exercise of discretion (*Public National Bank of N. Y.* v. *National City Bank,* 261 N. Y. 316; *Colonial Trust Co.* v. *Alexander,* 251 App. Div. 856), but lack of statutory sanction therefor.

As recently as December, 1937, the Appellate Division, this department, in an unanimous opinion by Mr. Justice JOHNSTON (*Jewish Hospital of Brooklyn* v. *Doe,* 252 App. Div. 581), said: " It is * * * a well-settled doctrine that a statute prescribing in general terms procedural requirements is not applicable to the State or its political subdivisions *unless such entities are specifically*

*included in the statute.*" (Citing *Bush Terminal Co.* v. *City of New York, supra: Davidson* v. *City of New York, supra; Uvalde Asphalt Paving Co.* v. *City of New York, supra.*) (Italics mine.)

In view of this expression by our Appellate Division, in view of Mr. Justice CARSWELL's dissent in the *Hannon* case (*supra*) and section 289 of the Civil Practice Act, which provides for examination of a corporation or an association as an adverse party, and does not *specifically* include the State or any of its political subdivisions (*Mack* v. *President and Trustees of School Board of Village of Briarcliff Manor, supra*), it may be justifiably stated that this department had receded from its prior memorandum decisions in the line of cases cited by plaintiffs (*supra*).

It is conceivable that the denial of an examination before trial might, in some instances, prove fatal to a recovery, particularly in cases involving accidents to children of tender years in the public schools. But that is a matter for the Legislature to remedy.

Such was the situation in connection with claims against the State of New York in the Court of Claims. Applications to examine employees and agents of the State who might have knowledge concerning the cause of action and the manner in which the claimant received the injuries sued upon, were denied. (*Friedman* v. *State*, 161 Misc. 358; affd., 250 App. Div. 809.) However, by subdivision 2 of section 17 of the Court of Claims Act (Laws of 1939, chap. 860) the right of claimants to examine the State before trial was recently specifically provided (*Buchalter* v. *State*, 172 Misc. 420), as follows: " Upon application of the claimant after notice to the Attorney-General and upon proof that the examination of an officer or employee of the State or of a witness is material and so necessary that he cannot properly prepare for trial or present his claim to the court upon the trial and that the interests of justice require the same, the court may, in its discretion, order the examination before trial of such officer or employee of the State as an adverse party, or of such witness, to be held before one of the judges or as in section three hundred and one of the Civil Practice Act provided. The court may grant such application upon such conditions as it deem proper."

Accordingly, this motion is denied as a matter of law. Submit order.