## (September 26, 1940.)

GERALD G. RUCKER, an Infant, by JASPER G. RUCKER, His Guardian ad Litem, and JASPER G. RUCKER, Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— On the court's own motion the decision of this court handed down on July 2, 1940 [259 App. Div. 1091], is hereby amended to read as follows: Order denying plaintiffs' motion for an examination before trial of defendant Board of Education modified by permitting the examination with respect to items 1 to 15, inclusive, the time and place for the examination to proceed to be fixed in the order to be entered hereon. As thus modified the order is affirmed, with ten dollars costs and disbursements to appellants. Authorities holding that municipal corporations are not subject to examination before trial (*Davidson* v. *City of New York,* 221 N. Y. 487; *Bush Terminal Co.* v. *City of New York,* 259 id. 509; *Kasitch* v. *City of Albany,* 283 id. 622, decided May 21, 1940) are not determinative of the question presented here. Boards of education are not municipal corporations and may be examined before trial in the same manner and to the same extent as private corporations. (*McCutcheon* v. *Board of Education of City of White Plains,* 242 App. Div. 659; *Braun* v. *Board of Education of City of N. Y.,* 248 id. 586; *Costellano* v. *Board of Education of City of N. Y.,* Id. 635; *Bonacarsi* v. *Board of Education of City of Mt. Vernon,* 253 id. 908.) In the present case

the complaint expressly alleges that defendant is a municipal corporation, but the allegation is merely a legal conclusion and, no prejudice having resulted to defendant, plaintiffs are not estopped or concluded thereby. ( *Union Bank* v. *Bush*, 36 N. Y. 631; *Muti* v. *Hoey*, 221 App. Div. 688.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur. Settle order on notice. [172 Misc. 731.]