## UVALDE ASPHALT PAVING CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    March 8, 1912.)

1. MUNICIPAL CORPORATIONS (§ 1*)—WORDS AND PHRASES.

Municipal corporations are mere governing bodies having charge of and jurisdiction over particular political subdivisions of the state.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1, 1½; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4620–4627; vol. 8, p. 7726.]

2. MUNICIPAL CORPORATIONS (§ 123*)—WORDS AND PHRASES—"MUNICIPAL OFFICERS."

In the broad sense "municipal officers" include all local elective or appointive officers.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 341; Dec. Dig. § 123.*

For other definitions, see Words and Phrases, vol. 5, pp. 4628, 4629; vol. 8, p. 7726.]

3. DISCOVERY (§ 28*)—ACTIONS—PREPARATION FOR TRIAL—INSPECTION OF RECORDS.

Regardless of any question as to whether Code Civ. Proc. §§ 870, 872, as to the examination of a party before trial, apply to a municipal corporation, a company applying for an examination of the principal officers of a municipal corporation was not entitled thereto, where it did not make the necessity therefor appear by showing that it was not a taxpayer, and had no adequate remedy under Greater New York Charter (Laws 1901, c. 466) §§ 1545, 1546, and General Municipal Law (Consol. Laws 1909, c. 24) § 51, providing that an inspection or a copy of municipal records may be procured by any taxpayer, and also providing in section 1545 for a summary remedy in case an inspection be denied.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig. § 28.*]

Appeal from Special Term, New York County.

Action by the Uvalde Asphalt Paving Company against the City of New York. From an order granting defendant's motion to vacate an order for the examination of defendant, through its principal municipal officers, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Edward M. Grout (James F. McKinney, on the brief), for appellant. Terence Farley (Francis Martin, on the brief), for respondent.

LAUGHLIN, J.   The learned counsel for respondent contends that the order should be sustained upon the broad ground that the provisions of sections 870 and 872 of the Code of Civil Procedure, with respect to the examination of a party before trial, do not apply to a municipal corporation.   In Havemeyer v. City of New York, the court at Special Term expressed the opinion that those provisions do not apply to a municipal corporation, and the order for the examination of the chief engineer of water supply, gas, and electricity of the city was vacated; but other grounds existed for vacating the order, and therefore the affirmance of the order by this court without opinion (136 App.

Div. 931, 120 N. Y. Supp. 1127) does not necessarily constitute an authority in favor of the contention of the counsel for the respondent.

[1] Municipal corporations are mere governmental bodies, having charge of and jurisdiction over particular political subdivisions of the state, and as a rule their official records are open to the inspection of taxpayers and to others interested therein.    Greater New York Charter, §§ 1545, 1546; General Municipal Law (chapter 24, Consol. Laws 1909) § 51.    Their officers, agents, and servants are the officers, agents, and servants of the people, and there is not the same reason for making provision for their examination as in the case of private corporations.    The provisions of section 870 of the Code of Civil Procedure, with respect to taking the deposition of *either party* to an action, are clothed in general language; but they were construed as not authorizing the examination of the officers, servants, agents, and employés of a party, and such construction rendered them inapplicable to, or inoperative with respect to, corporations (People v. Mutual Gaslight Company, 74 N. Y. 434; Boorman v. Atlantic & Pacific R. R. Co., 78 N. Y. 599), until the Legislature amended subdivision 7 of section 872 of the Code of Civil Procedure, by prescribing that, when the party to be examined is a *corporation,* "the affidavit shall state the name of the officers or directors thereof, or any of them whose testimony is necessary and material, or the books and papers, as to the contents of which an examination or inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers."    Chapter 536 of the Laws of 1880.    After this amendment, it was decided that the agents, servants, and employés of a corporation, who do not fall within the description of *officers or directors,* could not be examined.    Reichmann v. Manhattan Company, 26 Hun, 433.    It had also been decided, prior to the enactment of said amendment, that the provisions of section 803 of the Code of Civil Procedure, with respect to a discovery, or giving an inspection and copy, were inoperative as to corporations (Boorman v. Atlantic & Pacific R. R. Co., supra), and hence the Legislature provided in the amendment for both examination and discovery as to a corporate party.    There is much room for argument, on these considerations and on the phraseology of the sentence, from which the quotation is made that the Legislature had in mind those corporations which have *both officers and directors,* for the applicant is required to state whether he desires to examine the officers or the directors, and which of them.    Every business corporation, and every corporation other than municipal corporations, has a board of directors, or a board of trustees, or officers, by other titles, performing corresponding functions, and *officers* as well.    Municipal corporations have certain officers, but they have no trustees or board of directors, or other officers performing corresponding functions.    In a broad sense, municipal corporations have many officers—that is to say, officials who are required to take an oath of office, and are deemed for certain purposes officers of the municipality—but most of them perform duties prescribed by statute, and not by any local body exercising similar functions to those of a board of directors, or other governing body, of private corporations.

[2] In a more restricted sense, the mayor, comptroller, treasurer, corporation counsel, and like general officers elected on the general ticket, or appointed for the municipality, are regarded as the municipal officers. See Code of Civil Procedure, § 431. But in the broad sense "municipal officers" include all local elective or appointive officers, including appointees under the civil service law. Article 10, § 2, of the State Constitution; People v. Mosher, 163 N. Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552; People ex rel. Percival v. Cram, 164 N. Y. 166, 58 N. E. 112; People ex rel. Metropolitan St. Ry. Co. v. Tax Commissioners, 174 N. Y. 417, 67 N. E. 69, 63 L. R. A. 884, 105 Am. St. Rep. 674; Matter of Sugden v. Partridge, 174 N. Y. 87, 66 N. E. 655; Matter of Fay, 174 N. Y. 526, 66 N. E. 1107; People ex rel. Lahey v. Partridge, 74 App. Div. 291, 77 N. Y. Supp. 691; Village of Saratoga v. Van Norder, 75 App. Div. 204, 77 N. Y. Supp. 1020; People ex rel. Bush v. Houghton, 182 N. Y. 301, 74 N. E. 830; People ex rel. Bolten v. Albertson, 55 N. Y. 50; People ex rel. Williams v. McKinney, 52 N. Y. 374; People ex rel. Lord v. Crooks, 53 N. Y. 648. It has been held, however, that a municipal corporation is a *domestic* corporation, within the contemplation of the provisions of subdivision 18 of section 3343 of the Code of Civil Procedure, and that it is a *resident* of the state and of the county wherein it has its principal place of business. Maisch v. City of New York, 193 N. Y. 460, 86 N. E. 458. The only authority at all in point, which we have been able to find, is Linehan v. Cambridge, 109 Mass. 212. It was there held that a statute authorizing the examination of an adverse party, and providing that where a corporation is a party "the opposite party may examine the president, treasurer, clerk or any director or other officer" thereof, applied only to corporations in the ordinary acceptation of the term, and did not include municipal corporations. It would seem therefore that there is much force in the contention that the provisions of subdivision 7 of said section 872 should be construed as not applying to municipal corporations.

The considerations already expressed, however, show that, if said statutory provisions apply to a municipal corporation, there can seldom be justification for resort thereto, since the *principal* municipal officers, to whom the statute would necessarily be confined, would ordinarily have little or no personal knowledge and would be able, at most, to produce records, which, under the provisions of sections 1545 and 1546 of the Greater New York Charter and section 51 of the General Municipal Law, may be examined and copied by taxpayers, and to some extent, at least, by the public generally, and if an inspection and copy should be denied, a summary remedy by application to the court is expressly given by said section 1545 of the Greater New York Charter, regardless of the pendency of an action.

[3] In the case at bar, it clearly appears that the only object of the examination is to obtain an inspection of the records in the office of the president of the borough of the Bronx, showing permits to occupy, open, or disturb the surface of Valentine avenue, between 194th street and 204th street, during a certain period. The appellant shows that an inspection of said records has been refused; but it does not show that it is not a taxpayer, and that it has not an adequate remedy

under said sections 1545 and 1546 of the Greater New York Charter, and said section 51 of the General Municipal Law. Municipal officers are servants of the public, and their time should be devoted to the performance of their public duties, and they should not unnecessarily be required to appear for examination with respect to litigation by or against the city, even if there be authority therefor.

It follows that the order should be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur. MILLER, J., concurs in result on the ground that the statute does not apply to municipal corporations.