In the Matter of the Application of WILLIAM G. IHRIG, Appellant, for a Writ of Mandamus Directed to WILLIAM WILLIAMS, as Commissioner of Water Supply, Gas and Electricity of the City of New York, Respondent.

First Department, February 21, 1918.

Municipal corporations — city of New York — right of taxpayer to inspection of records of department of water supply, gas and electricity relating to bursting of water main in street adjacent to his premises — mandamus — effect of removal of records to another city department.

A taxpayer, whose premises have been damaged by the bursting of a water main in an adjacent street, is entitled, under section 51 of the General Municipal Law and under section 1545 of the Greater New York charter, to an inspection of the reports of the engineers of the department of water supply, gas and electricity, and all other records, papers and documents relating to the bursting of the main, in order to obtain information or evidence to enable him to prepare for the trial of his action for damages.

A petitioner for a writ of mandamus to compel an inspection of such records should not be required to institute new proceedings because said records have been removed to the law department, as it is within the jurisdiction of the commissioner of the department of water supply, gas and electricity to require their return for the purpose of inspection. But if the commissioner should endeavor to obtain their return in good faith and fail, he should not be punished for contempt, and in that event it might be necessary for the petitioner to proceed against the head of the department to which the records have been transmitted.

APPEAL by the petitioner, William G. Ihrig, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of December, 1917, denying his motion for a peremptory writ of mandamus requiring the respondent to grant him an inspection of certain official records.

*Alexander Holtzoff* of counsel [*Paul Windels* with him on the brief; *Windels & Holtzoff*, attorneys], for the appellant.

*John F. O'Brien* of counsel [*Terence Farley* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

APP. DIV.— VOL. CLXXXI.        55

LAUGHLIN, J.:

The petitioner is the owner of premises known as 139–145 Lafayette street, borough of Manhattan, New York, and is assessed therefor. On the 21st of June, 1917, a water main under the jurisdiction of the respondent in the bed of the street adjacent to the petitioner's premises exploded or burst and water therefrom inundated the basement of petitioner's premises causing damages. On the 20th of November, 1917, the day after he verified the petition but before the motion was returnable, he brought action against the city to recover the damages which he alleged were caused by its negligence. The petitioner accompanied by his attorney, prior to instituting the proceeding, made a verbal and a formal demand in writing that the commissioner permit him to inspect the reports of the engineers of the department and all other records, papers and documents relating to the explosion or bursting of the water main, and they were informed by the chief clerk that the demand would not be complied with but that a formal answer would be made thereto. On the same day the commissioner wrote him that the demand had been referred to the corporation counsel for appropriate action. The demand was renewed on November fourteenth and the commissioner thereupon notified the petitioner that for any further information he should apply to the corporation counsel. His attorneys then communicated with the corporation counsel, and receiving no reply within the time specified, instituted this proceeding. It was shown in opposition to the motion that the papers sought to be inspected are reports made by investigators in the department of water supply, gas and electricity and that prior to the return day of the application they had been transmitted to the corporation counsel to enable him to defend said action and were then in his possession. The application was resisted on the ground that the papers were in the possession of the law department and that, therefore, there is no right to inspect them.

We are of opinion that the petitioner as a taxpayer is entitled under section 1545 of the Greater New York charter (Laws of 1901, chap. 466) to inspect the reports of the engineers or investigators of the department of water supply, gas and electricity with respect to the condition

of the water main and cause of the accident. Doubtless his object is to obtain information or evidence to enable him to prepare for the trial of his action, but that is an argument in favor of according to him this statutory right rather than in support of a denial thereof, for it is to be borne in mind that the plaintiff in an action against a municipal corporation is not entitled to an examination before trial pursuant to the provisions of section 872 of the Code of Civil Procedure. (*Uvalde Asphalt Paving Co.* v. *City of New York,* 149 App. Div. 491; *Davidson* v. *City of New York,* 175 id. 969; affd., 221 N. Y. 487.) We gave that construction to the provisions of the Code in order to relieve municipalities from annoyance incident to such examinations and the loss of time of their officers and employees that would be caused thereby, and we deemed the construction justified owing to the provisions of section 51 of the General Municipal Law (Consol. Laws, chap. 24; Laws of 1909, chap. 29) and section 1545 of the Greater New York charter which, in effect, authorizes an inspection of municipal records other than those of the police department and law department of the city of New York. The reports of engineers or other employees of a municipality with respect to an accident are not of course evidence against it as admissions or otherwise, but they may afford a litigant information with respect to witnesses that may be material to enable him to prosecute an action and there is no reason why an inspection thereof should not be afforded where he is a taxpayer and thereby comes within the statute. The statutory provisions with respect to this right of inspection are very broad. Section 51 of the General Municipal Law provides that "All books of minutes, entry or account, and the books, bills, vouchers, checks, contracts or other papers connected with or used or filed in the office of, or with any officer, board or commission acting for or on behalf of any county, town, village or municipal corporation in this State" are public records and shall be open to inspection of any taxpayer. Section 1545 of the Greater New York charter provides that "all books, accounts and papers in any department or bureau thereof, except the police and law departments, shall at all times be open to the inspection of any taxpayer" subject to regulations with respect to the

time and manner of the inspection; and that in case such inspection is refused the taxpayer may apply to a justice of the Supreme Court for an order allowing the inspection. The records and papers in all departments, with the exception of the police and law departments, are embraced within these provisions which have been held to extend even to a communication made to the department by a third party; and this construction has been given to the statute upon the theory that there are and should be no confidential records or communications with respect to public business. (*Matter of Egan* v. *Board of Water Supply*, 148 App. Div. 177; affd., 205 N.Y. 147.) On the facts disclosed the reports in question constitute part of the official records of the department of water supply, gas and electricity and the plaintiff is entitled to inspect them. Although at the time of the hearing they had been sent from that department to the law department they are still under the control of the respondent and the petitioner should not be required to institute new proceedings to follow them from one department to another. It is within the jurisdiction of the respondent to require their return to his department for this inspection, and he should do so. Of course if he should endeavor so to do in good faith and fail he should not be punished for contempt and in that event it might become necessary for the petitioner to proceed against the head of the department to which they have been transmitted.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Clarke, P. J., Dowling, Page and Shearn, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.