THE CITY OF NEW YORK, Plaintiff, *v.* NICK VELMACHOS and Another, Defendants.

Supreme Court, New York County, March 29, 1927.

Depositions — examination of plaintiff before trial — municipal corporation may not be examined on notice under Civil Practice Act, § 289 — remedy under Greater New York charter, § 1545 — in proper case, order for examination under Civil Practice Act may be granted — motion to preclude testimony for failure to file bill of particulars, denied.

In an action by the city of New York on a surety bond for the faithful performance of a contract by the defendants, the latter is not entitled to a notice, under section 289 of the Civil Practice Act, for the examination before trial of the plaintiff, a municipal corporation, in order to sustain the allegations in an affirmative defense.

*It seems,* that the defendants should avail themselves to the full extent of the privilege allowed by section 1545 of the Greater New York charter.

However, the failure of the defendants in this case to resort to this privilege is perhaps excusable because the corporation counsel agreed that the persons who had the desired information would appear for examination, and himself suggested that defendants proceed by a notice for such examination.

*It seems,* that where a party has exhausted all the liberal provisions for discovery allowed him under section 1545 of the Greater New York charter, and is still lacking information which he is ordinarily entitled to obtain on an examination before trial, he may be granted an *order* for such an examination under the provisions of the Civil Practice Act. The simple examination, however, on notice, under section 289 of the Civil Practice Act, would be inappropriate.

The plaintiff's motion to preclude testimony for failure to file a bill of particulars should be denied, with leave to renew, since it appears that the information to be supplied is largely dependent upon the facts as they might develop from the examination before trial.

MOTION to vacate notice for examination of plaintiff before trial.

*George P. Nicholson, Corporation Counsel* [*Samuel Plumer* of counsel], for the plaintiff.

*Foster, La Guardia & Cutler,* for the defendants.

LEVY, J. This is an application by the city of New York to vacate defendant's notice of examination before trial, on the ground that such examination of a municipal corporation is unauthorized by the statutes. The action is brought on a surety bond for the faithful performance of a contract by defendant Velmachos under which a permit was granted to him to conduct a stand in front of the passenger entrance to the Fort Lee ferry house. As a defense it is alleged that after the defendant took possession, the plaintiff caused the entrances and exits to the ferry houses to be moved

north so that traffic and consequent business was diverted from the stand; furthermore, a new stand was built in the new line of traffic in competition with the defendant's, by reason of which the latter's property was rendered worthless. The examination is sought to sustain the allegations in the affirmative defense.

Since the decision in *Davidson* v. *City of New York* (175 App. Div. 969; affd., 221 N. Y. 487) it is undoubtedly the rule that the general provisions with reference to an examination before trial of an adverse party do not apply where such party is a municipal corporation. That decision was based largely upon the authority of *Uvalde Asphalt Paving Co.* v. *City of New York* (149 App. Div. 491), in which, however, the court merely expressed a favorable leaning to that view, but without laying it down as a definite principle. The case, nevertheless, is interesting because it contains the reasons why a distinction should be made between an ordinary corporation and a municipal corporation in the matter of relieving the latter from the obligation of the examination before trial as an adverse party.

Says the court (at p. 494): " The considerations already expressed, however, show that if said statutory provisions apply to a municipal corporation there can seldom be justification for resort thereto since the *principal* municipal officers to whom the statute would necessarily be confined would ordinarily have little or no personal knowledge and would be able at most to produce records which under the provisions of sections 1545 and 1546 of the Greater New York charter and section 51 of the General Municipal Law may be examined and copied by taxpayers, and to some extent, at least, by the public generally, and if an inspection and copy should be denied, a summary remedy by application to a justice of the Supreme Court is expressly given by said section 1545 of the Greater New York charter regardless of the pendency of an action."

It seems, therefore, defendants should avail themselves. to the full extent of the wide privilege allowed by section 1545 of the charter, whereby " All books, accounts and papers in any department or bureau thereof, except the police and law departments, shall at all times be open to the inspection of any taxpayer, subject to any reasonable rules and regulations * * *." In this instance the failure of the defendants to resort to this privilege is perhaps excusable, because the corporation counsel, as it is claimed, agreed that the persons who had the desired information would appear for examination, and himself suggested that defendants proceed by a notice for such examination. However, assuming, without deciding, that the corporation counsel could not so agree, defend-

ants should not be penalized for adopting the very procedure suggested by him.

It may be argued that the decisions under sections 872 and 873 of the Code of Civil Procedure have no application to the procedure under section 289 of the Civil Practice Act. But an examination of the latter and a comparison of it with subdivision 7 of section 872 of the Code of Civil Procedure show that the only substantial change effected is as to the persons representing the corporation who may be examined so as to include " employees " in the class of officers. We may, therefore, safely conclude that the principle laid down in the *Davidson* case is fully applicable to the revised provisions of the Civil Practice Act.

On the other hand, the effect of the decisions may not be so sweeping as to deprive a party absolutely from all examination of the adverse party before trial, where the latter is a municipal corporation. They must be construed in the light of the reasons which actuated the court. Where a party has exhausted all the liberal provisions for discovery allowed him under section 1545 of the charter, and is still short of the information which he is ordinarily entitled to obtain on an examination before trial, it may well be that he should be extended that privilege, on a showing that he has exhausted his other sources. It would follow from such a rule that the simple examination on notice under section 289 of the Civil Practice Act is inappropriate, and perhaps in a proper case an order would be requisite upon a presentation of facts indicating that the party seeking the examination has taken advantage of the available sources of discovery under the charter, and still lacks the necessary facts to establish his cause of action, to obtain which an examination of the adverse party is essential. The present application affects a mere notice of taking testimony which must be vacated, with leave to the defendants, should they be so advised, to apply for an order upon appropriate showing in accordance with this opinion.

The plaintiff has also made a companion motion to preclude for failure to file a bill of particulars. It appears that the information to be supplied by the bill is largely dependent upon the facts as they might develop from the inspection or the examination before trial. As the failure to furnish the bill has not been willful, the motion to preclude is denied, with leave to renew after the disposition of the application here suggested, and if no such effort is made within thirty days, then after the lapse of that period. Settle order.