JACK ROSEN, Respondent, v. CENTRAL HANOVER BANK AND TRUST COMPANY and Others, Defendants, and CHARLES GOLD, Individually and as Mayor of the City of Long Beach, and Others, Appellants.— In a taxpayer's action, order in so far as it denies the motion of the appealing defendants to vacate the notice of examination reversed on the law and the facts, with ten dollars costs and disbursements to appellants, and motion to vacate granted, with ten dollars costs. Defendants-appellants Gold and Gandia are respectively the mayor and the treasurer of the city of Long Beach. The allegations of the complaint set forth certain official transactions of the city and are insufficient to charge appellants with personal responsibility. At most, as charged in the complaint, they were guilty of an error of judgment in their capacities as city officials. As they are not subject to personal liability under the allegations of the complaint, they cannot be examined before trial, notwithstanding that judgment is not asked against the city. (*Uvalde Asphalt Paving Co.* v. *City of New York*, 149 App. Div. 491.) Scudder, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., dissents and votes to affirm. The appellants, examination of whom is sought, are charged with personal responsibility for diverting the city's funds from a use for which they were raised.

FRANCES THOMPSON, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant, and THE CITY OF NEW YORK, Defendant.— In an action by a passenger on a trolley car to recover damages for personal injuries sustained as the result of a collision between the trolley car and a truck owned by defendant The City of New York, order denying appellant's motion to vacate the judgments in favor of plaintiff and to set aside the verdict and grant a new trial on the ground of newly-discovered evidence affirmed, with costs. No opinion. Young, Hagarty and Carswell, JJ., concur; Tompkins, J., with whom Scudder, J., concurs, dissents and votes for a reversal of the order and the granting of the appellant's motion with the following memorandum: Plaintiff would not have conducted herself before the trial or pending the appeals as it is now claimed she has acted since the final judgment in her favor, so that the appellant could not have secured the evidence it now claims to be available. In view of the largeness of the judgment, I think the appellant should have an opportunity, on another trial, to offer the newly-discovered evidence. If the affidavits of Beck, O'Malley and DeChristopher are true, the plaintiff is entitled to recover but little, if anything.