## KRIER v. MUSCHEL et al.

District Court, S. D. New York.
July 26, 1939.

Herman Wolen, of New York City, for plaintiff.

Caverly, Dimond, Barton & O'Gorman, of New York City (Sydney Weitzer, of New York City, of counsel), for defendant Leonore Muschel.

HULBERT, District Judge.

The action is one for personal injuries. Plaintiff was a passenger in an automobile owned by the defendant Muschel which was in collision with a taxicab owned by the defendant Bee Cab Corporation in the Borough of Manhattan, City of New York, on December 14, 1938.

The jurisdiction of this court is based upon diversity of citizenship. The plaintiff resides in Bethlehem, Pa. The motion is to modify a notice dated July 11, 1939 to examine the plaintiff and Dr. Charles K. Rose, Jr., before a designated Notary Public at her office in the City of Allentown, Pa., where Dr. Rose resides.

Of course the examination of the plaintiff should be had in Bethlehem, Pa., but the scope of the examination will not be limited at this time and no terms will be imposed. The law of New York is applicable upon the question of liability (Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487), but the local decisions cited as to the procedure are not. Either witness may be examined upon any matter material to the issues raised by the pleadings and not privileged. Upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the plaintiff or Dr. Rose, the examination may be suspended to enable the presentation of an application to the court pursuant to Rule 30 (d), 28 U.S.C.A. following section 723c.

Settle order on notice, unless agreed upon as to form.