## JOY MFG. CO. v. CITY OF NEW YORK.

District Court. S. D. New York.

Nov. 15, 1939.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Martin Conboy and David Asch, both of New York City, of counsel), for plaintiff.

William C. Chanler, Corp. Counsel, of New York City (Oren Clive Herwitz, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This is a motion by the defendant to vacate and quash a notice under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c for the taking of the depositions of certain officers of the defendant, the City of New York. The action seeks to recover part of the purchase price of snow removal equipment bought by the City for the use of the Department of Sanitation and the officers sought to be examined include the Commissioner of the Department of Sanitation, the Director of Motor Equipment for that Department and the Chief and the Assistant Engineer of the Division of Engineering in the office of the Comptroller of the City of New York.

The court has been asked by the municipality to consider the motion as having been made upon the broad ground that the four persons named in the notice, as employees of the City of New York, are exempt from examination before trial under Rule 26 of the Federal Rules of Civil Procedure. There is no denial that the plaintiff seeks to examine the officers of the defendant with respect to matters that are relevant and material to the issues in the case. The New York Court of Appeals has held that Sections 288 and 289 of the New York Civil Practice Act, relating to testimony by deposition in the

state courts, do not apply to the City of New York and defendant argues that these holdings are precedents for the application of Rule 26. See Bush Terminal Co. v. City of New York, 259 N.Y. 509, 182 N.E. 158; Davidson v. City of New York, 221 N.Y. 487, 116 N.E. 1042; Uvalde Asphalt Paving Co. v. City of New York, 149 App.Div. 491, 134 N.Y.S. 50.

In my opinion these cases are not precedents for the application of Rule 26 of the Federal Rules of Civil Procedure, and, in the proper case, the City may be examined under Rule 26. First, it should be noted that the New York cases represent an interpretation of a state statute, the wording of which is dissimilar from that used by Rule 26. Irrespective of this dissimilarity in language, state court interpretations of sections 288 and 289 of the Civil Practice Act would not be binding upon this court, because Rule 26 is procedural in nature. Krier v. Muschel, D.C., 29 F.Supp. 482, decided by Judge Hulbert on July 26th, 1939.

Secondly, the New York cases indicate that the City has not been granted a privilege which would bring them within the exemption provided by Rule 26 and it is clear that factors other than those of public convenience underly the refusal to apply Sections 288 and 289 of the New York Civil Practice Act to the City of New York. In both the Bush Terminal case and the Davidson case, supra, the Court of Appeals wrote no opinion but relied upon the opinion in the Uvalde case. See City of New York v. Velmachos, 129 Misc. 177, 221 N.Y.S. 40. In the Uvalde case [149 App. Div. 491, 134 N.Y.S. 51], the Appellate Division for the Department thought that by using the words "officers [and] Directors", Section 289 of the New York Civil Practice Act was limited by its terms to an examination of a business corporation and that in any event, the liberal inspection allowed to any person by the provisions of the City Charter was sufficient to warrant a court exercising its discretionary power to refuse an examination. In City of New York v. Velmachos, supra, it was stated that if a party had exhausted his remedy under the City Charter, the state court would permit an examination pursuant to the Civil Practice Act.

There are no words in Rule 26 which could be construed as limiting its operation to examinations of business corporations. On the contrary, it is specifically provided that "any person" may be examined. In addition, a party is entitled to an examination as a matter of right after issue has been joined and it is not material that the information which he seeks to obtain might possibly be acquired in some other manner. It is sufficient that the information is relevant and material to the issues. To adopt the construction of Rule 26 which is advocated by the defendant would result in a strained construction of the rule, contrary to its purpose and intent. See Laverett v. Continental Briar Pipe Co., D.C., 25 F.Supp. 80. The general purpose of the new Rules is to supply the Federal Courts with an independent system of procedure. It would seem to be the better policy not to allow decisions with respect to State Rules of procedure to be controlling, unless such a result is necessary. This is particularly true in the present case where there is an attempt to limit the scope of the Rules.

The defendant cites what it claims is a precedent for the vacating of the notice to take depositions. In the case of Delli Bovi v. Westhinghouse X-Ray Company, Inc., et al. Civ. 3-214, this court signed an order dated August 31st, 1939 denying an examination of a defendant, an employee of the City of New York, and a witness also in the City's employ. No opinion or memorandum was written, the motion being disposed of on the oral argument. The court does not consider the order signed in that matter a precedent for the vacating of the notice to take depositions in this case. In any event, this court did not intend to establish an exception to the provisions of Rule 26 in favor of municipal officers.

I do not wish it to be understood that by this decision permitting the examination of the city's officers the court has opened the door wide to all such examinations in the future. The municipality, after all, is entitled to some protection from unnecessary annoyance and oppression. Rule 30(b), however, will amply protect the defendant from annoyance, embarrassment or oppression. At the moment, such has not been shown and the court shall allow the examination to proceed.

The motion is denied.