GLUCK REALTY COMPANY, Plaintiff, *v.* REPUBLIC LIGHT, HEAT & POWER COMPANY, INC., and CITY OF NIAGARA FALLS, NEW YORK, Defendants.

Supreme Court, Niagara County, February 9, 1940.

*Babcock, Hollister, Newbury & Russ,* for the plaintiff.

*Harold J. Adams,* for the defendant Republic Light, Heat & Power Company, Inc.

*J. William O'Brien, Corporation Counsel,* for the defendant City of Niagara Falls.

LYTLE, J. This is a motion brought on by an order to show cause (Civ. Prac. Act, § 113) heretofore obtained by the defendant Republic Light, Heat & Power Company, Inc., hereinafter called power company, to quash and set aside certain subpœnas and to restrain and enjoin the defendant City of Niagara Falls, New York, hereinafter called the city, from examining employees of the power company.

The complaint alleges that by reason of the negligence of the power company and the city, a building owned by the plaintiff was damaged in an explosion and fire. Each defendant claims over against the other.

· The city takes the position that it is entitled to the examination by the provisions of section 280 of its charter (Laws of 1916, chap. 530), which provides: " It shall be the duty of the corporation counsel to cause all claims for personal injuries or damages to property to be thoroughly investigated, and he shall advise the proper committees of the city council in respect thereto. He shall have the power to issue a subpœna to compel the attendance of all persons making such claims or reported to have knowledge of the facts relating to such claims to appear and testify before the city council or some member thereof in respect to such claims pending before the city council or referred to a committee, and he shall have power to issue a subpœna to compel the attendance of all persons having knowledge of the facts relating to intended claims against said city, notice of intention to make which against said city or to bring suit thereon against said city has been filed with the corporation counsel of said city, and to examine such persons before the city council or some member thereof in respect thereto, or in respect to the names and addresses of persons having such knowledge. Such subpœna may be served at any place within the State of New York in the same manner in which subpœnas issued out of the Supreme Court are served. Any person who shall neglect or refuse to attend or testify in obedience to any such subpœna or to be sworn or affirmed or to answer any proper or material question may be arrested by virtue of an order of attach-

ment, which may be issued by the city judge upon his own knowledge of such neglect or refusal or upon written proof of the service of such subpœna, and of such neglect or refusal and in the absence of a satisfactory excuse therefor may be punished by the city judge in the same manner and to the same extent as a witness neglecting or refusing to attend in obedience to a subpœna duly issued and served out of the Supreme Court."

The power company contends that in a pending action the city is limited to an examination under the Civil Practice Act and the Rules of Civil Practice. The city does not go so far as to contend that it has no standing to exercise the rights afforded to other litigants by article 29 of the Civil Practice Act, but quotes from *Davidson* v. *City of New York* (175 App. Div. 969; affd., 221 N. Y. 487) to the effect that corresponding provisions of the Code of Civil Procedure did not apply to municipal corporations. Although it appears that said article 29 may not be used against a municipal corporation ( *Uvalde Asphalt Paving Co.* v. *City of New York,* 149 App. Div. 491; *Davidson* v. *City of New York, supra; City of New York* v. *Velmachos,* 129 Misc. 177; *Bush Terminal Co.* v. *City of New York,* 259 N. Y. 509; *Greenburg* v. *City of New York,* 235 App. Div. 788; *Cooper* v. *Village of Brockport,* 246 id. 571; *Boulton* v. *LaGuardia,* 166 Misc. 293; affd., 256 App. Div. 802; but see *Weinberg* v. *City of Troy,* Id. 1028; motion for leave to appeal denied, 281 N. Y. 889), it cannot be inferred from the decisions on that point that the provisions of said article are not available to a municipal corporation for use on its behalf or in its favor. (*City of New York* v. *Velmachos, supra.*)

The many privileges and immunities granted to a governmental entity which date from the early times when the King could do no wrong, should be carefully scrutinized and cautiously given effect in a day when such entities undertake to do much more than kings ever dreamed of doing.

The said charter (Laws of 1916, chap. 530, § 323) affords the corporation counsel ample opportunity to exercise the prerogatives provided by the charter section quoted above. All claims against the city for damages or injuries to persons or property from misfeasance or negligence of the city or any of its officers or employees, must be presented to the council of the city within thirty days of the mishap. This is a condition precedent to bringing an action thereupon. Furthermore, the plaintiff in such an action must show that a written notice of the accident was given to the corporation counsel within five days after the happening thereof, setting forth data enabling the said counsel to cause the same to be investigated. No action may be brought until the lapse of forty days from the presentation of the claim to the council.

I am constrained to hold that said section 280 is limited in its application to claims before action is instituted thereupon. The subpœnas served upon employees of the defendant power company since the commencement of this action should be set aside.

Prepare and submit an order accordingly, without costs.