In the Matter of the Application of MAX BIRENBAUM, Petitioner, for a Peremptory Mandamus Order against WILLIAM F. CAREY, as Commissioner of the Department of Sanitation of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, September 16, 1940.

*William A. Ryan* [*Raymond F. Wilson* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel,* for the respondent.

McGAREY, J. This is an application, pursuant to section 894 of the New York City Charter, for an order permitting the peti-

tioner to make an inspection of certain papers in the office of the department of sanitation of the city of New York.

It is alleged that the petitioner was severely and permanently injured while standing on the sidewalk when he was struck by a falling lamp post. It is alleged that a truck in some way connected with the department of sanitation backed into the lamp post, causing it to fall upon petitioner. At the time of the accident he was rendered unconscious. Petitioner states he did not see the occurrences which led up to his being struck on the head by the falling lamp post as his back was turned. He has sought to inspect certain of the records, papers and documents in the department of sanitation to enable him to prepare for the trial of the case. Such inspection has been refused. The respondent submits no affidavit or other papers in opposition to this motion excepting a memorandum of law. Therein respondent contends (1) That the petition fails to comply with the provisions of section 894 of the New York City Charter in that respondent contends a description of the particular book, account or paper which petitioner desires to inspect is lacking, and further (2) that the inspection sought relates to papers prepared by or for counsel for use in actions or proceedings to which the city is a party and that by the express terms of section 894 of the Charter such papers are excepted from examination.

An order compelling an inspection of city records, similar to the one here sought, was granted by the Appellate Division in *Matter of Ihrig* v. *Williams* (181 App. Div. 865; affd., 223 N. Y. 670) after denial thereof at Special Term. Counsel for respondent contends that the *Ihrig* case is not applicable because based on section 1545 of the Greater New York Charter, which has since been superseded by section 894 of the present New York City Charter. Section 1545 of the old Charter, so far as it required petitioner to describe the particular book, account or paper that he desires to inspect, is identical with the present provisions of section 894 of the new Charter. Both provide, in exactly the same language: " such taxpayer, on his sworn petition, describing the particular book, account or paper that he desires to inspect, may * * *."

In *Matter of Ihrig* v. *Williams* (*supra*) an inspection was granted as to the records of the engineers of the department and all other papers, records and documents relating to the explosion or bursting of a certain water main. Petitioner's description of the papers and documents sought to be inspected is not less certain. I am of the opinion that respondent's objection with reference to the description is not well taken.

The second ground of objection presents a more substantial argument. Section 1545 of the old Charter merely excepted the police and law departments from the provisions for inspection of city records. Section 894 of the new Charter continues these exceptions but adds, in addition: " This provision shall not apply to any papers prepared by or for counsel for use in actions or proceedings to which the city is a party or for use in any investigation authorized by this charter." There was no similar provision in the old Charter. In passing, it should be noted that there is a significant omission of the words " books, accounts and " from the items to which the section does not apply when prepared by or for counsel. Whereas an inspection may be had of " books, accounts and papers," only " papers " prepared by or for counsel are given immunity from inspection. I am of the opinion that section 894 should be liberally construed in favor of the right of inspection by taxpayers. Public officials should be subject to close scrutiny of their official acts, for in the final analysis they are but the servants of the people. Even though the information sought is intended to be used in an action against the city, an inspection of records otherwise proper should not be refused on that ground. If the city is in fact liable it should be required to respond in damages without seeking to put obstacles in the paths of litigants. It already has an advantage denied to other litigants by not being subjected to an examination before trial. ( *Uvalde Asphalt Paving Co.* v. *City of New York*, 149 App. Div. 491; *Davidson* v. *City of New York*, 175 id. 969; affd., 221 N. Y. 487.)

In *Matter of Ihrig* v. *Williams* (*supra*, p. 867) the court states of its decisions in the *Uvalde* and *Davidson* cases (*supra*): " We gave that construction to the provisions of the Code in order to relieve municipalities from annoyance incident to such examinations and the loss of time of their officers and employees that would be caused thereby, and we deemed the construction justified owing to the provisions of section 51 of the General Municipal Law and section 1545 of the Greater New York Charter which, in effect, authorizes an inspection of municipal records other than those of the police department and law department of the city of New York."

Motion granted. However, if any of the papers sought to be examined were in fact prepared by counsel, or *specifically and solely* prepared *for* counsel for use in an action or proceeding in which the city is a party, their examination will not be permitted. Settle order on notice.