## BARILI v. BIANCHI et al.
### Civil Action No. 26534–H.

District Court, N. D. California, S. D.

Dec. 20, 1946.

Alan Franklin, of Los Angeles, Cal., for plaintiff.

J. E. Trabucco, of San Francisco, Cal., for defendant.

HARRIS, District Judge.

In this action for infringement of letters patent, pertaining to a Stuffed Pastry Machine, defendants Achille Bianchi and Marlo Packing Corporation sought to take the deposition of plaintiff in a hearing noticed in the City of San Francisco. Upon refusal of plaintiff, a resident of Los Angeles, to appear, defendants above named moved the Court for an order compelling plaintiff's attendance in San Francisco at a time certain, or in the alternative, for an order striking the complaint of plaintiff and entering a default judgment. The matter is presented to the Court on these alternative motions.

The particular facts which have given rise to the motions of defendants Bianchi and Marlo Packing Corporation are as follows:

On November 22, 1946, the defendants served notice on plaintiff of their desire and intention to take the deposition of plaintiff in accordance with Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The offices of attorney for defendants were designated as the place in San Francisco for conducting the deposition hearing.

Upon receiving his notice of hearing, plaintiff prepared timely objections against making an appearance. He mailed these objections on November 28, 1946, relying on Rule 45(d) (2) of the Federal Rules of Civil Procedure. He alleged that as a resident of the City of Los Angeles and as a non-resident of the District in which attendance was required for the taking of the deposition, he was not under legal obligation to attend.

In accordance with his expressed objections, plaintiff did not appear at the office of attorney for defendants for the taking of a deposition on the morning of December 2, 1946, at the hour of 10 o'clock A.M., as noticed by defendants.

Following plaintiff's failure to appear at the hearing for the taking of his deposition, defendants moved this Court to strike plaintiff's complaint and to enter default judgment. The matter was presented to the Court on oral argument and briefs, and was submitted for decision on December 16, 1946. At the time of submission, defendants requested a Court order for plaintiff's appearance in San Francisco for the taking of a deposition, or in the alternative, for the striking of plaintiff's complaint and the entering of a default judgment.

The Court's decision will be guided and controlled by the Federal Rules of Civil Procedure:

In accordance with Rule 26(a), defendants were entitled to take the deposition of plaintiff. Nor was it necessary for defendants to obtain leave of Court in the

case at bar, for an answer had been previously filed.

The detailed procedure for taking the deposition of plaintiff is set forth in Rule 30. It will be noted that there is no restriction as to place for taking the deposition, as there is in the case of witnesses who may be subpoenaed under Rule 45(d) (2). Thus it was not improper for defendants to fix San Francisco as the situs for the hearing, despite plaintiff's residence in Los Angeles. In Collins v. Wayland, 9 Cir., 1944, 139 F.2d 677, the Court held that it was in order for plaintiff, an Oregon resident, to travel to Arizona for purposes of presenting himself for the taking of a deposition. It is to be observed that in the Collins case plaintiff failed to raise an objection to the place designated by defendant for the taking of the deposition, and in addition, plaintiff ignored the orders of the Court requiring his attendance in Arizona. In the case at bar, plaintiff's conduct is distinguishable on both of these points.

While defendants, in the first instance, were free to select the place for taking plaintiff's deposition, plaintiff is not without remedy against being seriously inconvenienced by appearing at the site chosen by defendants. He may object, upon motion seasonably made, and may show cause why a deposition should not be taken at the designated place. Rule 30(b). This, plaintiff did, by his objection filed herein and mailed to defendants on November 28, 1946.

Since plaintiff voiced timely and proper objections to defendants' notice of taking deposition in San Francisco, it is incumbent upon the Court to pass upon the propriety of the situs selected by defendants. Accordingly, the Court finds that it would constitute a real hardship for plaintiff to leave his place of business in Los Angeles to attend a hearing in San Francisco. See Ginsberg v. Railway Express Agency, Inc., 1945, 6 F.R.D. 371; Krier v. Muschel et al., D.C., 1939, 29 F.Supp. 482. In addition, it appears that Counsel for plaintiff also resides in Los Angeles.

Defendants' motions will be, the same are, and each of them is hereby, denied.