In the Matter of RICARDA L. SOSA et al., Petitioners, against LINCOLN HOSPITAL OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, August 18, 1947.

*Samuel Weisman* and *Robert Goldstein* for petitioners.

*Charles E. Murphy, Corporation Counsel (Frank J. Horan* and *Jack Cherrill* of counsel), for defendants.

CORCORAN, J. Petitioners, Mr. and Mrs. Sosa, apply for an order directing the authorities of Lincoln Hospital of the City of New York to produce its records for inspection pursuant to section 894 of the New York City Charter.

On March 13, 1947, Mrs. Sosa gave birth to a child at Lincoln Hospital. In the birth certificate it is stated that a female child was born. When Mrs. Sosa was discharged from the hospital a male child was delivered to her, "the origin of which is unknown to petitioners".

The petition states that an examination of the records is sought for the purpose of "assisting petitioners in locating the whereabouts of the child born to them".

Section 894 of the New York City Charter provides, in pertinent part, as follows: "All books, accounts and papers in the office of any borough president or any division or bureau thereof or in any city department or any division or bureau thereof,

except the police and law departments, shall at all times be open to the inspection of any taxpayer \* \* \*."

The City of New York opposes the application, contending that the allegation in the petition that the petitioners are taxpayers is insufficient; that it must appear affirmatively that they pay real estate taxes.

There are authorities to support the city's contention. But we prefer the reasoning of COLLINS, J., in *Matter of Mojica* v. *Department of Hospitals* (169 Misc. 852, 853): "The purpose of the inspection and the necessity therefor should be the test, rather than the opulence of the applicant." The Charter provision says "taxpayer", not "real estate taxpayer". It should be liberally construed in favor of inspection. (*Matter of Birenbaum* v. *Carey,* 175 Misc. 351.)

A legitimate and reasonable purpose for the inspection must, of course, be shown. It cannot be used merely to satisfy one's curiosity, or to meddle, or to harass city officials. On the papers before me, the applicants have certainly shown a legitimate purpose. The city contends that the applicants intend to use the inspection as a basis of a suit against the city. That does not appear in the moving papers. The fact that the applicant seeking an inspection may thereafter use the information obtained in a suit against the city should not defeat it. That is particularly true where, as here, the applicants show in their moving papers a reasonable and bona fide motive for inspection wholly apart from any thought of future litigation.

Application granted. Settle order, within five days on two days' notice.