Murray T. Feidex, J.
In a negligence action plaintiff moves, by notice of motion, served upon defendants and upon the Corporation Counsel of the City of New York, as attorney for the Medical Examiner, to compel the Medical Examiner to furnish plaintiff with a copy of the autopsy report respecting the deceased driver of a motor vehicle involved in the collision with another auto in which plaintiff was a passenger. The City of New York is not a party to the suit. Plaintiff seeks to determine whether the deceased, fatally injured in the accident, was under the influence of intoxicating liquor at the time of the accident.
In opposition to the application, defendants, one of whom is the deceased’s mother, the owner of one of the vehicles involved, urges that the Medical Examiner’s report is a confidential communication and is privileged under section 352 of the Civil Practice Act, presumably under that portion of the statute which prohibits a physician from disclosing “ any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity”. The City of New York opposes the application upon the ground that the report is highly confidential ‘1 containing information which cannot be divulged without * * * authorization * * * of the relationship involved.”
Nowhere in the papers submitted in opposition has it been demonstrated in what respect the autopsy report, characterized as being a ‘ ‘ confidential communication ” or a “ confidential report ’ ’, was in fact confidential so as to warrant a denial of the motion.
The common law, whereby “ an attending physician who had treated a patient could be compelled upon a trial to disclose the information which he acquired during such treatment. [was changed by statute in 1830 to provide] that a physician should not disclose any information acquired by him in treating a patient. That statute was embodied in section 831 of the *593 Code of Civil Procedure and has become section 352 of the Civil Practice Act.” (Emphasis supplied.) (Steinberg v. New York Life Ins. Co., 263 N. Y. 45, 48.)
In considering the statute’s applicability, it has been noted that the statutory ‘ ‘ prohibitions governing the relation of doctor and patient * * * ‘ express a long-standing public policy to encourage uninhibited communication between persons standing in a relation of confidence and trust’” (Matter of Investigation, etc., County of Kings, 286 App. Div. 270, 273).
It is seen, therefore, that the prohibition rests upon the confidentiality of a communication and that the “ confidence which is protected is that only which is given to a professional physician during a consultation with a view to a curative treatment; for it is that relation only which the law desires to facilitate ’ ’ (emphasis supplied). (Wigmore, Evidence, § 2382.) Consequently, Wigmore wrote, “ an autopsy of a corpse is of course not privileged” (§ 2382; see, also, People v. Preston, 13 Misc 2d 802, 809; Felska v. John Hancock Mut. Life Ins. Co., 144 Misc. 508).
A Medical Examiner’s autopsy report is evidence under section 367 of the Civil Practice Act and is admissible into evidence under section 374-a of the Civil Practice Act (Iovino v. Green Bus Lines, 277 App. Div. 1002). In the Iovino case it was held error to exclude that portion of the autopsy report pertaining to the toxicologist’s report as to the quantity of alcohol found in the brain of a deceased person.
There is no prohibition in section 879 of the New York City Charter against allowing an inspection of the records to a member of the public, except in cases where the records relate to deaths having an indication of criminality. (People v. Nisonoff, 293 N. Y. 597, 604; People v. Preston, supra, p. 817.)
It is the court’s determination herein that the Medical Examiner’s report sought to be obtained is not a privileged document under section 352 of the Civil Practice Act and is a proper subject for inspection and examination in an action.
But an ‘ ‘ inspection or examination is strictly limited to the instances of express statutory provision” and may not be granted by the court simply because such procedure might perhaps be “ a more convenient method of obtaining the information than that allowable to the plaintiff by means of examination of the [Medical Examiner] as a witness in the action or by subpoena at the time of the trial.” (Lipsey v. 940 St. Nicholas Ave. Corp., 12 A D 2d 414, 415.)
The plaintiff has submitted no precedent and cited no statute as authority for granting the order sought. Section 324 of the *594 Civil Practice Act, pertaining to discovery of documents, is not applicable. By the specific provisions of that section, the court is limited to granting an order of inspection directed solely against parties to the action. Neither the City of New York nor the Medical Examiner is a party to this action.
There is no doubt that inspection of such a public document may be compelled by virtue of the provisions of section 51 of the General Municipal Law and section 894 of the New York City Charter by application of either the plaintiff or his attorney as a “ taxpayer, on his sworn petition.” (N. Y. City Charter, § 894; see Matter of Sosa v. Lincoln Hosp. of City of N. Y., 190 Misc. 448, affd. 273 App. Div. 852; Neville v. Board of Health, 21 N. Y. S. 574.) It would seem, too, that inspection of the autopsy report might be obtained under section 66 of the Public Officers Law at the office of the Commissioner of Motor Vehicles, where filing of such report appears to be required under section 603 of the Vehicle and Traffic Law.
Upon the instant motion the court would not be justified in considering the application made as being equivalent to a petition (as required by New York City Charter, § 894). The difference between the two forms of application is essentially basic and not just formal (1 Carmody-Wait, New York Practice, p. 685). The affidavits submitted by the plaintiff are evidentiary in nature while a petition would constitute a pleading containing allegations. Also, the application fails to allege that the moving party is a taxpayer, a specific requirement of section 894. The court concludes that it lacks authority to grant the plaintiff’s motion as sought. Motion denied.