Thomas P. Farley, J.
Motion to compel a custodian of hospital records, which hospital and custodian are not parties to this action, to file the records pertaining to plaintiff Gabrielle Williams’ treatment in the hospital with this court for safekeeping until the trial of the action.
*693 The motion is opposed only by the defendant Sterling Estates, Inc., upon the ground: (a) that it was improperly brought pursuant to section 2306 of the Civil Practice Law and Rules; and (b) that neither the hospital nor custodian are parties to the action and hence, discovery and inspection is not available.
While it is true that thé relief is sought pursuant to a section of the Civil Practice Law and Rules which is not applicable, since it deals with the service of a subpoena incidental to the trial, vis-a-vis hospital records, where an application has merit and may be supported by another statute, it will not be defeated upon the ground that the wrong statute was named (CPLR 2001). This application will be treated as one made pursuant to section 3101 (subd. [a], par. [4]) and section 3102 of the Civil Practice Law and Rules.
It is true that discovery under the Civil Practice Act was limited to material in the possession, control or custody of a party (Lipsey v. 940 St. Nicholas Ave. Corp., 12 A D 2d 414, 415; Walsh v. Beckman, 29 Misc 2d 591, 593). It was the concept of the Legislature, in enacting the disclosure statute in the Civil Practice Law and Rules, to remove many of the restrictive provisions which had grown up by judicial decisions over the 42 years which had intervened since the adoption of the Civil Practice Act. The new concept stated that “ There shall be full disclosure of all evidence * * * by * * * (4) any person where the court on motion determines that there are adequate special circumstances.” (CPLR 3101, subd. [a]; italics supplied.)
In the opinion of this court, the provisions of section 3120 can be reconciled with section 3101 (subd. [a], par. [4]) if they are read so as to permit discovery and inspection upon mere' notice when the thing to be discovered is in the possession, control or custody of a party, but requiring a motion and court order where the thing to be discovered is in the possession, control or custody of a person other than a party upon adequate proof of the existence of special circumstances.
This court believes that such special circumstances exist here. The hospital has filed a proceeding in the Federal courts for reorganization. It is no longer operating. A final dispossess order has been obtained by the hospital’s landlord, and there is a question as to whether the records sought are in the possession of the hospital, its “ licensee ” or its landlord. There is, therefore, grave danger that between now and the date of trial some three or four years hence, these records will have been lost.
The burden of showing such special circumstances has been met by the moving party and is not overcome by the protestation *694 of the party opposing the application. However, in the interest of preserving the records intact, the order to be entered herein will provide that the plaintiff may photograph or reproduce the records sought, at his expense, under the joint supervision of the custodian, and the attorneys for the respective parties herein, and such photographs or reproductions shall have the same force and effect as the originals upon the trial of the action, if such originals shall not be available, and subject to the applicable rules of evidence.