Richard D. Simons, J.
Plaintiff moves for examination before trial of two employees of Schoeck Builders, Inc., pursuant to article 31 of CPLR.
Plaintiff contracted with the defendant to build a home. Fred Schoeck and Richard Schoeck were employed by defendant. Subsequent to the construction, a dispute arose between the parties in which the plaintiff charged the defendant with breach of contract. After the commencement of this action, defendant discontinued operation in his individual name and incorporated under the name of Schoeck Builders, Inc., which continues to develop homes in the same tract of land. Defendant is a director, officer and stockholder of the corporation, though not the sole or majority stockholder.
The defendant resists -this motion on the grounds that the witnesses sought to be examined are not at the present time employees of the defendant. (Cf. Kuzmak v. Atlantic Cement Co., 20 A .D 2d 845.)
It has generally been held that only employees employed at the time of the receipt of the notice of examination may be examined as such. (Green Point Sav. Bank v. Central Gardens Unit No. 1, 280 App. Div. 987; Haas v. Rothenberg, 6 A D 2d 797.) At the time of the receipt of this notice, Fred Schoeck and Richard Schoeck were employees of Schoeck Builders, *121 Inc., and not of the defendant herein. However, it is not necessary to determine whether the plaintiff is entitled to examine them as prior employees pursuant to CPLR 3101, subd. (a), par. (1). It is the court’s determination that there are special circumstances existing here that permit their examination pursuant to CPLR 3101, subd. (a), par. (4).
CPLR 3101 proceedings should be construed liberally. (Cf. Chester v. Zima, 41 Misc 2d 676.) The courts have readily found special circumstances within the definition of the statute to permit nonparty witnesses to be examined. (Kuzmak v. Atlantic Cement Co., supra.) Special knowledge of the witnesses has been held sufficient. (Southbridge Finishing Co. v. Golding, 2 A D 2d 430; Rensselaer Polytechnic Inst. v. Machnick Constr. Co., 19 A D 2d 677.) Discontinuation of the business has been considered in looking to the special circumstance of the case. (Williams v. Sterling Estates, 41 Misc 2d 692.) Beluctance, unwillingness or hostility of a witness has been held a special circumstance. (Favole v. Gallo, 261 App. Div. 974; Cataldo v. Long Island R. R. Co., 268 App. Div. 1054.)
Here, obviously, all of these factors concur. Bichard Schoeck is the son of the defendant and Fred Schoeck is related to him. The two witnesses and the defendant are still actively engaged together in the building business although they presently operate in a corporate form rather than under the individual name of the defendant. Clearly, as an officer, director and stockholder of the corporation, the defendant has influence and control over the actions of these two employees sought to be examined. Further than that, the defendant has been examined and able to shed little light on the alleged defective conditions constituting the breach of contract. Bichard Schoeck was the supervisor of the project at the time in question and Fred Schoeck did the actual work in dispute. Their testimony is necessary and material to the action.
Plaintiff’s motion to examine Bichard Schoeck and Fred Schoeck is granted.