*935 OPINION OF THE COURT
Beverly S. Cohen, J.
The individual defendant in his representative and fiduciary capacity moves pursuant to CPLR 3103 for an order granting (1) the amendment of the caption substituting pseudonyms for true names; (2) anonymity of defendants in perpetuity; (3) nondisclosure of the identities of defendants and the medical condition of decedent to any person other than the parties and attorneys except by further order of the court; (4) exclusion of any persons except parties, counsel and designated court personnel from all hearings, subject to the direction of this court; and (5) sealing of the file in the office of the County Clerk.
An ex parte temporary restraining order was granted to the movant enjoining plaintiff from disclosing defendants’ identities to anyone except parties, attorneys or their designees, the sealing of the entire County Clerk’s file, and amending the caption with pseudonyms for defendants for the pendency of the hearing and determination of the within motion.
The underlying complaint sets forth, inter alla, causes of action in fraud and misrepresentation in the concealment by the deceased defendant of his AIDS illness from plaintiff who engaged in unprotected sexual relations with the decedent, and, against the decedent’s estate and his defendant company, for wrongful termination of employment.
Movant cites CPLR article 31 as providing authority to the court for the grant of his motion. This article concerns disclosure in civil actions. CPLR 3103 (a) permits a court to issue a protective order concerning any disclosure device. It is not, as defendant urges, statutory authority for the extraordinary relief sought by this motion. Indeed the movant has not indicated any case authority under CPLR 3103 (a) for the relief sought and relies chiefly on the recently enacted Public Health Law article 27-F pertaining to HIV- and AIDS-related information.
At the outset the principle must be stated that all court proceedings are presumptively open to the public, where the people and media have a right to be present, and where their presence historically has been thought to enhance the integrity and quality of the proceedings (see, Richmond Newspapers v Virginia, 448 US 555, 575-578).
New York State has adopted this principle by statute in section 4 of the Judiciary Law which provides that "[t]he *936 sittings of every court within this state shall be public, and every citizen may’ freely attend the same”. The Court of Appeals has long held that this right may be asserted by the public and the press in civil and criminal cases (cf., Lee v Brooklyn Union Publ. Co., 209 NY 245, 248-249; Matter of Gannett Co. v De Pasquale, 43 NY2d 370; Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 437).
The movant representative nevertheless argues for anonymity and pseudonyms for defendants referring to Public Health Law article 27-F. Public Health Law § 2785 (2) permits a court to grant disclosure of confidential HIV-related information only upon a proper showing. Section 2785 (3) directs the court, when authorizing such information, to seal all legal papers submitted as part of the application and decision thereon.
Defendants’ reliance on Public Health Law article 27-F is misguided. The Legislature’s purpose in "providing additional protection of the confidentiality of HIV related information * * * [is] to encourage the expansion of voluntary confidential testing for the human immunodeficiency virus (HIV) so that the individuals may come forward, learn their health status, make decisions regarding the appropriate treatment, and change the behavior that puts them and others at risk of infection.” (L 1988, ch 584, § 1.)
This purpose of encouraging voluntary testing and treatment is not as compelling when the party who had AIDS is deceased, particularly when balanced against the strongly revered and protected public policy of open-court proceedings. Additionally, the law does not authorize a living defendant who has AIDS to remove his true name from the caption of a suit alleging fraud related to a sexual transmission. The statute does not augment a constitutional right to privacy so as to bar the public from knowledge of the action. The estate representative of a defendant who died of the disease has no greater right under the statute to conceal the true name of the decedent than would a living defendant, nor does the statute protect his family or family business.
The presumption favoring open trials and free flow of information derives from our belief as a society that those events will result in a populace most able to make the decisions required of citizens in a democracy.
This principle applies especially to information about the AIDS plague. Except where necessary to protect the privacy of AIDS patients, information about all manifestations of the *937 problem should be widely disseminated so as to increase public awareness. The court has not been persuaded that secrecy and silence will advance any legitimate interest of a party to this lawsuit or that the customary openness of court proceedings will prejudice any rights of decedent or the defendant corporation.
Disclosure of confidential HIV-related information will be governed by article 27-F gf the Public Health Law.
Accordingly, the defendants’ motion is denied except that defendants are granted a continuation of the ex parte relief maintaining the anonymity of the defendants and sealing the entire County Clerk’s file for a period of 10 days from service of a copy of this order with notice of entry, to allow the defendants the opportunity to apply to the Appellate Division for a stay pending appeal. Any confidential medical information which may become part of the record during the pendency of this action will be sealed pursuant to Public Health Law article 27-F.