OPINION OF THE COURT
Israel Margolis, J.
Claimants, who have anonymity pursuant to a previous *923 order of the court, petitioned that the court order the New York State Department of Correctional Services, a private hospital, a County Coroner, and a certain municipality to show cause why a certain third party’s autopsy report, medical records, death certificate, blood specimens, pathology slides, X rays, and "CT scans” should not be provided claimants. Following some extraordinary procedures the court has found necessary under section 2785 of the Public Health Law, the court has granted claimants’ disclosure demand.
In their claim the Does allege, inter alla, that Mrs. Doe became contaminated with a virus which can cause AIDS when defendant’s correction officers failed to restrain a certain inmate who allegedly had the virus while a patient in the hospital where Mrs. Doe worked. It is records related to this inmate which claimants seek.
According to the Legislature:
"Maximum confidentiality protection for information related to human immunodeficiency virus (HIV) infection and acquired immune deficiency syndrome (AIDS) is an essential public health measure. In order to retain the full trust and confidence of persons at risk, the state has an interest both in assuring that HIV related information is not improperly disclosed and in having clear and certain rules for the disclosure of such information. By providing additional protection of the confidentiality of HIV related information, the legislature intends to encourage the expansion of voluntary confidential testing for the human immunodeficiency virus (HIV) so that individuals may come forward, learn their health status, make decisions regarding the appropriate treatment, and change the behavior that puts them and others at risk of infection * * *
"It is the intent of the legislature that exceptions to the general rule of confidentiality of HIV related information be strictly construed.” (L 1988, ch 584, § 1.)
Because the claimants’ application for disclosure of allegedly confidential HIV-related information was subject to the legislative interdiction as expressed in article 27-F of the Public Health Law, the court took care to protect the confidences of the decedent.
Some of the documents which claimants seek are not generally the subject of section 2785 of the Public Health Law in that they, in and of themselves, should not contain " 'Confidential HIV related information’ ” as that term is defined in subdivision (7) of section 2780 of the Public Health *924 Law. One readily recognizes, for example, that the detection of HIV infection in an autopsy does not occur because of any physician-patient relationship between the decedent and the Coroner (see, e.g., Walsh v Beckman, 29 Misc 2d 591). Rather, in the usual case, we would only have to consider the additional disclosure limitations set forth under section 677 of the County Law with respect to disclosure of an autopsy report or set forth in 10 NYCRR 35.4 with respect to disclosure of a certified copy of a death certificate.
However, an order authorizing the disclosure of confidential HIV-related information shall include such other measures as the court deems necessary to limit any unnecessary disclosure (see, Public Health Law § 2785 [6] [d]). In our view, the Legislature’s extraordinary protections afforded confidential HIV-related information compel us to take extraordinary measures to protect that confidentiality. We note that in the case Flynn v Doe (146 Misc 2d 934) it was held that article 27-F of the Public Health Law does not provide authority to provide anonymity to an AIDS patient who is a defendant in a suit alleging fraud related to sexual transmission. There, the court found the interests of the alleged AIDS victim, who had died, less compelling than if he were still alive, and further the court refused to provide a pseudonym for the true name of the alleged HIV-infected decedent. We find, however, that the protections imposed under article 27-F of the Public Health Law are broad enough to dictate that affirmative measures must be taken to ensure that confidentiality of HIV-related material be maintained. In Flynn v Doe (supra, at 937), the court simply offered that any "confidential medical information which may become part of the record during the pendency of this action will be sealed pursuant to Public Health Law article 27-F”.
In our view, such protection in practice is inadequate. If all that the courts had to do was seal a medical record under section 2785 of the Public Health Law, without affording the HIV-infected individual with any anonymity, the legislation would be ineffective. Indeed, by sealing the confidential medical record alone, the court does allow the inference that the alleged HIV-infected person had medical records relating to an HIV condition. Thus, one could assume, in a matter that alleges that a defendant or third party infected another with the HIV virus, that if an exhibit was sealed, it contained HIV-related information made confidential under section 2785 of the Public Health Law. If there were no other medical records *925 available for public inspection as exhibits, it would be pointless to assume that that record was anything other than a health record which indicated that the patient was infected with the HIV virus.
Clearly, the Legislature intended that the courts do something more than pay lip service to the confidentiality it imposed upon such records. The Legislature, after all, noted that the section applies "[n]otwithstanding any other provision of law” (Public Health Law § 2785 [1]). Moreover, it is not for the court to discern whether the statute is good public policy. It is our obligation, however, to bring forth the intended effect from lawful statutes. In our view, this means that, in a proper case, the identity of certain HIV-infected people, living or dead, must be preserved to maintain the confidentiality attached to that person’s health records under section 2785.
To effect this result, when the claimants’ application for disclosure of the autopsy report, death certificate and medical records arrived, we sealed the application (see, Public Health Law § 2785 [3]). Pursuant to subdivision (4) (a) of section 2785, "[t]he individual concerning whom confidential HIV related information is sought and any person holding records concerning confidential HIV related information from whom disclosure is sought shall be given adequate notice of such application in a manner which will not disclose to any other person the identity of the individual, and shall be afforded an opportunity to file a written response to the application, or to appear in person for the limited purpose of providing evidence on the statutory criteria for the issuance of an order pursuant to this section.” As the third party was dead, the court was presented with an issue, apparently of first impression. Under section 2785 of the Public Health Law, it is not clear that anyone who might otherwise represent the decedent’s interests is entitled to be informed of the application pending concerning this former patient’s confidential HIV-related information.
To help us resolve that problem, the court in a separately captioned proceeding, made without any reference to the above-captioned matter, then issued judicial subpoenas, separately, to each record holder to provide, for in camera inspection, the death certificate, the autopsy report, the prison records, and the hospital record. The court also ordered each relevant person to state whether those persons retained any tissue samples and the like for production.
*926 Efforts to find out whether an estate proceeding had been started anywhere in the State concerning the decedent were unavailing. The court therefore issued a judicial subpoena to the decedent’s mother, who was identified in prison records, demanding only that she inform the court whether she knew if an estate proceeding had commenced with reference to the decedent, and whether she had any objection to the release of the decedent’s records. No mention was made by the court as to the purpose of the subpoena or the allegation that these records may relate to HIV infection. In response, the decedent’s mother stated that no estate proceeding had been commenced on behalf of the decedent because of indigence. She further volunteered, without being asked, that she knew of medical reports that her child had the HIV virus. In fact, she stated that the decedent had died from AIDS. She also stated that she was adamantly opposed to the disclosure of her child’s records. Thus, having resolved our fears that the court would otherwise unnecessarily breach the confidence imposed with reference to a representative of the decedent, the court determined that it would put the decedent’s mother on notice with respect to any application for disclosure of the certificate of death, the autopsy report, the medical records, and the prison records.
We have reviewed the records in camera. The decedent’s hospitalization records, prison records, and autopsy report all contain express references to HIV tests and infection. As to these, the hospitalization record clearly is entitled to protection under section 2785 of the Public Health Law. The court therefore issued separate orders to show cause, on notice to the decedent’s mother and the relevant record holders, demanding why the records should not be disclosed and allowing all persons an opportunity to be heard or to file objections. Upon the return of the orders to show cause, only the decedent’s mother opposed the disclosure. She has articulately and passionately argued against disclosure of the decedent’s records, and has requested, at a minimum, that she and her child be allowed anonymity herein.
Upon return of the order to show cause, counsel for the claimants and the defendant appeared. It was agreed that the records should be redacted to remove any reference to the decedent’s name and any other identifying information. Further, it was noted that because of Mrs. Doe’s deteriorating health, an early date for the redaction, the completion of disclosure, and trial are required. The court has had the *927 records copied, has redacted the copies by deleting several thousand entries, and will retain the original submissions as sealed exhibits should particular references to particular health care providers or other entries be required, to be considered upon a sui generis basis. The court will deem the original submissions sealed pursuant to section 2785 of the Public Health Law. The court will forward the redacted copies to the parties in this action forthwith.
In our view, it is an exercise in futility to preserve as confidential the medical records of an HIV-infected person, without preserving the confidential identity of that same person in an autopsy report in the same proceeding. Instead, we have redacted identifying information in the death certificate, autopsy report, hospital record, and prison record. We are well aware of the public’s interests in open judicial proceedings. By striking particular identifying information and retaining the HIV patient’s anonymity, we have attempted to reconcile the public’s right to know of these proceedings with the Legislature’s mandate that confidential HIV-related information remain confidential and that exceptions to such confidences be strictly construed.